Charles P. Dorff, Appellant, *v.* Antonio Taya and Others, Respondents.

First Department, December 3, 1920.

Carriers — action by shipper to recover prepaid freight where goods lost in shipment by boat — assignment to insurance company as defense where claim reassigned before action commenced — prior agreement not contained in bill of lading as defense — varying terms of bill of lading by extrinsic evidence of prior agreement — right of shipper to recover prepaid freight where goods do not arrive — Statute of Limitations — agreement that contract shall be governed by laws of country whose flag ship flies.

In an action by a shipper to recover prepaid freight on a shipment by the defendant's boat on the ground that the freight was not delivered, due to the sinking of the boat, a defense that the insurance covered the amount of the prepaid freight and that the insurer had paid the insurance and taken an assignment from the plaintiff of all rights and claims he might have against the defendants is insufficient, where the complaint alleges the same assignment and that the insurer had reassigned to the plaintiff prior to the commencement of the action.

The defense that there was an agreement made prior to the issuance of the bill of lading that the prepaid freight was to be retained by the carrier in any event goods or ship lost or not lost was insufficient, since the negotiable bill of lading issued by the carrier contained no such provision, and there was no allegation that the same was omitted by mistake or fraud nor that the master did not have authority to issue the bill of lading that was issued.

A bill of lading is not a mere receipt for goods shipped, but is also the contract under which they are shipped and the terms thereof cannot be varied by extrinsic evidence of a prior contract in relation thereto.

Prepaid freight, in the absence of an agreement to the contrary, must be returned to the shipper if the goods do not arrive.

The Statute of Limitations of this State applied to the contract notwithstanding the fact that the nationality of the ship was Spanish and the bill of lading contained a provision that " this contract shall be governed by the law of the flag of the vessel carrying the goods."

While it is competent for parties to a contract to establish a shorter or different limitation than that given by statute, the intent to do so must clearly appear from the contract itself and it cannot be inferred from the phrase used in the bill of lading herein.

Appeal by the plaintiff, Charles P. Dorff, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the county of New York on the 17th day of May, 1920, in so far as said order overrules the plaintiff's demurrers to the first and third defenses in the answer.

*Emilie M. Bullowa* of counsel [*Bullowa & Bullowa,* attorneys], for the appellant.

*Robert S. Erskine* of counsel [*Harry D. Thirkield* with him on the brief]; *Kirlin, Woolsey, Campbell, Hickox & Keating,* attorneys, for the respondents.

PAGE, J.:

The action was to recover from the carrier prepaid freight. The complaint alleges the shipment of 500 bales of cotton from Wilmington, N. C., to Genoa, Italy, and the prepayment of freight charges amounting to $22,116.96 by the steamship *Guadalquiver,* pursuant to a bill of lading issued by the master of said vessel, a copy of which is annexed to the complaint and made a part thereof; that the *Guadalquiver* was sunk at sea by an enemy submarine and the 500 bales of cotton were wholly lost; that the agreement to transport the said merchandise was not carried out and the cotton was not delivered to the order of the shippers or their assigns as provided in the bill of lading; demand and refusal of repayment of the prepaid freight. The answer sets up three separate defenses to which the plaintiff demurred for insufficiency. The court overruled the demurrers to the first and third and sustained the demurrer to the second, giving the plaintiff leave to withdraw the demurrers to the first and third defenses and to reply thereto.

The demurrer to the first defense should have been sustained.

The answer admits the issuance of the bill of lading and that the copy attached to the complaint is a correct copy.

It is sought to set up a prior contract of February first for shipment of these goods and that it was thereby agreed that the freight should be prepaid and that the freight so prepaid should be retained by the defendants in any event, ship or goods lost or not lost, and that the shipment was to be made by Alexander Sprunt & Son in accordance with the regular bill of lading of the defendants, which said bill of lading, as was

known to the shippers, contained a provision that all freight should be prepaid and should be retained by the carrier in any event, ship or goods lost or not lost. It is then alleged that the shipment of the goods mentioned in the complaint was made and the master of the ship issued bills of lading therefor and the ship sailed and was sunk by an enemy submarine before her arrival. The defense further alleges an insurance of the goods, together with the prepaid freight; that after the loss of the ·ship the insurance company fully indemnified the holder of the bill of lading and paid to the said holder all losses sustained, and an assignment to the insurance company of any and all rights and claims which he might have against these defendants.

In so far as the defense sets up the insurance and assignment to the insurance company it is insufficient as the complaint alleges such assignment and an assignment by the insurance company to plaintiff; that there has been a mesne assignment of a cause of action is not a defense, if the complaint alleges an assignment by the mesne assignee to the plaintiff prior to the commencement of the action.

In so far as the defense seeks to set up another agreement than that contained in the bill of lading it is insufficient.

It is not alleged that the provision in regard to the retention of prepaid freight was omitted by mistake or fraud, nor that the master did not have authority to issue the bill of lading that was issued. The law is well settled that the bill of lading is not a mere receipt for goods shipped, but is also the contract under which they are shipped and that the terms thereof cannot be varied by extrinsic evidence of a prior contract in relation thereto. (*Vittuci Co.* v. *Canadian Pac. Ry. Co.*, 238 Fed. Rep. 1005; *Germania Fire Ins. Co.* v. *Memphis & Charlestown R. R. Co.*, 72 N. Y. 90, 93; *Hill* v. *Syracuse, Binghamton & N. Y. R. R. Co.*, 73 id. 351.) When we consider that this bill of lading was a negotiable bill, transferable by indorsement, the reason of the rule requiring the bill to be the final statement of the contract becomes evident.

The law is well settled· in this country, contrary to the English cases, that prepaid freight, in the absence of an agreement to the contrary, must be returned to the shipper if the goods do not arrive. (*Nat. Steam Nav. Co.* v. *Int. Paper Co.*,

241 Fed. Rep. 861, 862 and cases cited; *The Gracie D. Chambers,* 253 id. 182, 183; affd., 248 U. S. 387.) Bills of lading are quite generally drawn with such a clause as the defendants set forth, incorporated therein. This is an important provision of the contract and unless it is incorporated in the bill of lading its absence cannot be supplied by evidence of prior negotiations with reference thereto.

The third defense is predicated upon the clause in the bill of lading that " this contract shall be governed by the law of the flag of the vessel carrying the goods; " that the ship was a Spanish ship and, therefore, the Statute of Limitations of Spain applies. It may well be that the nature, validity and legal effect of the contract are to be governed by the laws of Spain. " It is well settled in this State that a plea of the Statute of Limitations of the State or country where the contract is made is no bar to a suit brought in a foreign tribunal, and the *lex fori* governs all questions arising under that statute. * * * ' Matters respecting the remedy, such as bringing suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought.' " (*Miller* v. *Brenham,* 68 N. Y. 83, 87; *New York Life Ins. Co.* v. *Aitkin,* 125 id. 660.)

It is, of course, competent for parties to a contract to establish a shorter or different limitation to the right of action thereunder than that given by statute. The intent to do so must clearly appear from the contract itself, and cannot be inferred from the blind phrase used in this bill of lading.

The demurrer to the third cause of action should have been sustained.

The order, in so far as appealed from, is reversed, with ten dollars costs and disbursements to appellant, and the demurrers to the first and third defenses are sustained, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and demurrer to first and third defenses sustained, with ten dollars costs.