Charles E. McInnes & Company, Inc., Appellant, *v.* The Equitable Trust Company of New York, Respondent.

First Department, July 1, 1921.

**Ships and shipping — action to recover prepaid freight — legal title to vessel in defendant as security for loan under agreement that all freight should be paid defendant by operators and actual owners — defendant chargeable for acts of operators and with notice that money received was freight money — prepaid freight recoverable where goods not delivered — fraud in securing prepayment not essential to cause of action.**

In an action to recover prepaid freight the plaintiff alleged that the defendant held the legal title to the steamer as security for a loan under an agreement with the purchasers, who were operating the steamship, whereby

all freight moneys were to be paid to the defendant to be applied by it to the payment of the loan; that the operators of the ship induced the plaintiff to enter into an affreightment contract and to prepay the freight on the shipment; that such shipment was never transported and the vessel never departed upon the voyage and that the plaintiff rescinded the contract, offered back the bills of lading and demanded the return of its money. *Held*, that the defendant received the freight money in question under its contract with the operators of the boat charged with knowledge that said moneys were freight moneys and charged with all the obligations of the operators for failure of the vessel to make the voyage, and so the defendant was liable to return the money where the voyage was not made and the goods not carried.

A shipowner, in the absence of any agreement to the contrary, must return to a shipper prepaid freight where the goods do not arrive, and it would require very clear language in a contract to exempt the carrier from liability for prepaid freight where the vessel never departed upon the voyage as in the instant case.

It is immaterial and not an essential element of a shipper's case in an action to recover prepaid freight, that the shipowners were guilty of fraud in inducing the shipper to make the contract and prepay the freight.

APPEAL by the plaintiff, Charles E. McInnes & Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of October, 1920, sustaining the defendant's demurrer to the plaintiff's complaint and directing a dismissal of the complaint, and also from an order entered in said clerk's office on the same day denying plaintiff's motion to overrule the demurrer to the complaint.

*Lawrence E. Brown* of counsel [*Bullowa & Bullowa*, attorneys], for the appellant.

*Winthrop W. Aldrich* of counsel [*William Dean Embree* and *Franklin P. Ferguson* with him on the brief; *Murray, Prentice & Aldrich*, attorneys], for the respondent.

SMITH, J.:

The facts alleged in the complaint are substantially as follows: On or about October 30, 1917, Bartholomew L. Stafford purchased the steamer *James S. Whitney*, and the defendant loaned $225,000, being part of the purchase price of said steamer. In order to secure the repayment of said

loan to the defendant, Stafford transferred the legal title of said steamer to Arthur A. Miller, the treasurer of the defendant. Thereafter, Stafford and one Robert E. Miller, either in person or doing business under the name of the Acme Steamship Company, with the knowledge and consent of the defendant, operated said steamer and entered into affreightment contracts and issued bills of lading for the carriage of freight by said steamer. It is further alleged that it was understood and agreed between said Stafford and said Robert E. Miller and the defendant that until the loan had been repaid to the defendant in full the moneys received in the operation of said steamer were to be paid to the defendant to be applied by it to the payment of said loan. It is then further alleged that the said Stafford and Miller falsely reported to the plaintiff that the steamer was about to enter upon a voyage to Genoa and solicited from the plaintiff freight for carriage on said voyage, the freight being payable in advance to the defendant. The plaintiff, relying upon these representations, entered into an affreightment contract with said Stafford and Miller for the shipment of copper to Genoa by said steamer, the contract providing that the freight moneys shall be payable to the defendant; that the said representations were false and known by the said Stafford and Miller to be false when made, and were made for the purpose of inducing the plaintiff to make the contract and to advance the said freight moneys, and it is alleged that the defendant and Stafford and Miller knew that the vessel only had a coastwise license, and that the United States had refused permission for said steamer to make a voyage to Italy. It is further alleged that pursuant to the contract made, the plaintiff gave its check payable to the defendant for the sum of $8,624.05 for the shipment of seventy tons of aluminum ingots to be shipped on said steamer and the said check was paid to the defendant and the defendant received the proceeds thereof; that the said steamer did not sail and the freight was not carried for more than a reasonable time thereafter, and that plaintiff rescinded the contract, offered back the bills of lading and demanded of the agents and of the defendant the return of the sums paid for freight.

In *Dorff* v. *Taya* (194 App. Div. 278) Mr. Justice PAGE

of this court, writing for a unanimous court said: " The law is well settled in this country, contrary to the English cases, that prepaid freight, in the absence of an agreement to the contrary, must be returned to the shipper if the goods do not arrive. (*Nat. Steam Nav. Co.* v. *Int. Paper Co.*, 241 Fed. Rep. 861, 862, and cases cited; *The Gracie D. Chambers*, 253 id. 182, 183; affd., 248 U. S. 387.)" It is recognized in the cases that affreightment contracts often include a stipulation that the freight shall not be repaid in case the goods do not arrive, but such a stipulation would ordinarily be deemed to apply to the failure of the goods to arrive after the goods had once been shipped. It would require very clear language in a contract to exempt the carrier from liability to retain the freight paid where the vessel never departed upon the voyage. It is not material whether Stafford and Miller were guilty of fraud in inducing the plaintiff to make the contract and prepay this freight. There is no doubt that the plaintiff could have recovered the freight from Stafford and Miller if the freight had been paid to them. There would seem to be equal right to the plaintiff to recover the freight from the defendant when the freight was paid to the defendant under the very contract between the defendant and Stafford and Miller under which the boat was operated and this freight contract was made. With this contract requiring that these moneys should be turned over to the defendant, the defendant took them, charged with knowledge and charged with all the obligations with which Stafford and Miller would have been charged for failure of the vessel to make the voyage.

The respondent argues that a check is the same as money, that money has no earmark and that the money was received in good faith by the defendant in payment of the debt owing by Stafford and Miller to the defendant, and further, that there is no relation of agency between the mortgagor and mortgagee by which the mortgagor can charge any liability upon the mortgagee. If these claims be recognized they lose sight of the fundamental distinction which this case presents where the contract between the defendant and Stafford and Miller operating the boat required that these freight moneys should be paid to the defendant. This contract itself makes Stafford and Miller the agents of the defendant to the extent

at least that it charged the defendant with the knowledge that these moneys were freight moneys and were subject to repayment in case the voyage be not made.    The case of *Calumet & Hecla Mining Co.* v. *Equitable Trust Co.* (186 App. Div. 330) was decided purely upon the ground that the plaintiff had not rescinded its contract so as to authorize a recovery of the freight moneys paid, either from the defendant or from Miller and .Stafford.    Before such a cause of action can arise the plaintiff must return or offer to return the bill of lading, which, for all that appeared in that case might already have been negotiated.    In the case of *Calumet & Hecla Mining Co.* v. *Equitable Trust Co.*, decided by Judge HAND in the United States District Court (N. Y. L. J.,:Dec. 13, 1919), there was no allegation that the contracts between the defendant and Stafford and Miller required the payment to the defendant of all moneys received in the ·operation of the boat, which fact is the distinguishing factor in this case as charging the defendant both with notice of the manner in which these moneys were received and subjecting them to liability for the return thereof in case the voyage be not made.

The orders should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion for judgment upon the pleadings should be granted, with ten dollars costs, and the defendant's motion denied, with ten dollars costs, with leave to the defendant to withdraw the demurrer and answer upon payment of costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, defendant's motion denied, with ten dollars costs, plaintiff's motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.