## A. SALOMON, Inc., v. COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.

## WOOD & SELICK v. SAME.

District Court, S. D. New York. February 13, 1929.

Bigham, Englar & Jones, H. N. Longley, and E. G. B. Fox, all of New York City, for libelants.

Joseph P. Nolan and Edward J. Garity, both of New York City, for respondent.

BONDY, District Judge. The above-entitled suits brought to recover damage to merchandise by sea water were tried together. The bills of lading in both contained the same terms and conditions. They were issued in France, in the French language, by the respondent, Compagnie Générale Transatlantique, for shipments in French vessels from ports in France, and were transferred to libelants for value. They provided that all litigations arising out of the interpretation or execution of the contract or bill of lading shall be judged according to the French law at the tribunal of the place indicated in the bills of lading.

The respondent contends that the contracts of carriage are governed by French law, and that under the French law all rights of libelants for damages to the goods were extinguished one year after the arrival of the ships, and that, inasmuch as these suits were not brought within that year, the libels should be dismissed.

An expert called by the respondent testified that the French Civil Code, by section 5, article 1234, provides that obligations are extinguished by prescription; that section 433 of the French Code of Commerce, which is contained in the chapter dealing with prescription, provides that all claims for the delivery of goods, or for damages for valid losses or delay in the carriage of them, shall be prescribed one year after the ship's arrival, and that other sections of the Code deal with procedure; and that, therefore, failure to bring the suit within the statutory period, not only barred the remedy, but extinguished all rights under the contracts.

In standard text-books the words "sont prescrite" of section 433 are translated into "are barred," not into "are extinguished." See Commercial Laws of the World, § 433.

The bills of lading do not expressly provide that rights thereunder shall be extinguished, or suits thereunder barred, unless action is brought within a fixed time, nor do they set forth or refer to any of the provisions of the French law relied on by the respondent. On the contrary, they expressly state that litigation arising out of the interpretation or execution of the bills of lading shall be judged according to French law. Whether a remedy is barred or a right extinguished one year after the arrival of a ship has nothing whatsoever to do with the interpretation or execution of a bill of lading.

"It may be stated that as the law of prescription of a particular country, even in case of a contract made in such country, forms no part of the contract itself, but merely acts upon it ex post facto in case of a suit, it cannot properly be deemed a right

284

stipulated for or included in the contract." Story on Conflict of Laws. See Wood, Limitation of Actions, § 8.

In Dorff v. Taya, 194 App. Div. 278, 281, 185 N. Y. S. 174, the bill of lading provided that the contract shall be governed by the law of the flag of the vessel carrying the goods. It was contended that, because the ship was a Spanish ship, the statute of limitations of Spain applied. The court said: "It is of course, competent for parties to a contract to establish a shorter or different limitation to the right of action thereunder than that given by statute. The intent to do so must clearly appear from the contract itself, and cannot be inferred from the blind phrase used in this bill of lading."

Section 2223 of the French Civil Code provides: "A judge cannot put forward the plea of prescription on his own motion." Respondent's witness admitted that, if the respondent does not plead prescription, the judge may not consider it, and that the plea can be waived. This Code provision and this admission lead to the conclusion: "The French law of limitation does not extinguish or annul the contract but operates upon the remedy only." Wood, Limitation of Actions (4th Ed.) § 8.

Though a claim may be extinguished by a statute of limitations under foreign law, it has been held: "When, before a statute of limitations has become operative, by way of extinguishment of the debt, as between two citizens or residents of a state, one of the parties has permanently changed his national domicile, and become a citizen of a foreign state, the statute will not become an absolute bar, as an extinguishment in the courts of such foreign state." Canadian Pacific Ry. Co. v. Johnston (C. C. A.) 61 F. 738, 746, 25 L. R. A. 470; Finnell v. Southern Kansas Ry. Co. (C. C.) 33 F. 427; Bulger v. Roche, 11 Pick. (Mass.) 36, 22 Am. Dec. 359.

Libelants, therefore, are entitled to decrees.