W. H. JONES, Plaintiff, *v.* CUNARD STEAMSHIP COMPANY, LIMITED, Defendant.

Supreme Court, Kings County, June 7, 1932.

*Harry D. Thirkield* [*Gregory S. Rivkins* of counsel], for the plaintiff.

*Lord, Day & Lord* [*James S. Hemingway* and *Woodson D. Scott* of counsel], for the defendant.

DUNNE, J. Plaintiff sues herein to recover for damages to merchandise occasioned by the alleged negligence of the defendant carrier. The bill of lading issued by the latter contained, among other provisions, the following clause: " This bill of lading is subject to the items and provisions of the Hague Rules of 1921." The bill of lading, which is incorporated by reference in the answer, does not state what the Hague Rules specifically provide, but defendant alleges that in article 3, section 6, thereof, there is contained the following provision: " * * * In any event the carrier and the ship shall be discharged from all liability in respect of loss or damages, unless suit is brought within twelve months after delivery

of the goods." The answer then sets forth that the present action was not brought within a year, and that, therefore, there is a complete bar to its maintenance. Plaintiff has moved to strike out this defense as being insufficient in law.

It has been recently pointed out that a common carrier may validly enter into a contract with a shipper limiting the time within which an action may be commenced to recover damages growing out of the negligence of the carrier providing the limitation be reasonable, just and fair. (*Aron & Co.* v. *Panama R. Co.*, 255 N. Y. 513, 515.) In the case now before the court it is to be noted that the limitation of time contained in the Hague Rules is twelve months, whereas in the *Aron* case a limitation of only six months' time under the circumstances there disclosed was held to be valid. However, the *Aron* case is basically distinguishable from the present, and therein is to be found the insufficiency of the defense now under consideration. In the *Aron* case *the bill of lading itself* contained the provision that " no suit for loss or damage shall be maintainable against the carrier unless instituted within six months after the shipment concerned arrives or should arrive at destination." In the present case the bill of lading does not itself specifically indicate the limitation of time, but rather seeks to invoke by reference a provision from an independent body of rules. The bill of lading is thus subject to the same vice as was passed upon in *Dorff* v. *Taya* (194 App. Div. 278, 281). There the bill of lading provided that the contract shall be governed by the law of the flag of the vessel carrying the goods. It was contended that, because the ship was a Spanish ship, the Statute of Limitations of Spain applied. The court, by Mr. Justice PAGE, pointed out: " ' It is well settled in this State that a plea of the Statute of Limitations of the * * * country where the contract is made is no bar to a suit brought in a foreign tribunal, and the *lex fori* governs all questions arising under that statute. * * * " Matters respecting the remedy, such as bringing suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." ' [Citing cases.] It is, of course, competent for parties to a contract to establish a shorter or different limitation to the right of action thereunder than that given by statute. *The intent to do so must clearly appear from the contract itself*, and cannot be inferred from the blind phrase used in this bill of lading. The demurrer to the third cause of action should have been sustained." (Italics mine.)

The doctrine there enunciated has been approved in *Wood & Selick* v. *Compagnie Generale Transatlantique* ([D. C.] 32 F. [2d] 283; affd., [C. C. A.] 43 F. [2d] 941). The principle has its origin in sound policy. A consignee of merchandise and the carrier " do not

stand upon a footing of equality. The individual customer has no real freedom of choice. He cannot afford to higgle or stand out, and seek redress in the courts. He prefers rather to accept any bill of lading, or to sign any paper, that the carrier presents; and in most cases he has no alternative but to do this, or to abandon his business." (*Liverpool Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 441; 9 S. C. R. 469, 472; 32 L. Ed. 788.) (See, also, *Mynard* v. *Syracuse, B. & N. Y. R. Co.*, 71 N. Y. 180.) The terms of the contract do not unequivocally set forth the specific period of limitation controlling, but rather invoke generally the limitation provided in a foreign body of laws; a delay occasioned by the shipper's preliminary investigation into the applicable rule of law may in the meantime entail serious loss to him. Thus in the *Dorff* case the court held that the shipper was not bound to search beyond the express terms of the contract to ascertain the applicable period of limitation under the laws even of a foreign sovereign State. *A fortiori*, in the present case, where the limitation sought to be invoked would require the shipper, if he desired preliminary knowledge of the extent of his rights with regard to a possible limitation, and irrespective of any delay thereby suffered, to locate and search through the Hague Rules of 1921 prior to entry into a contract.

Since the bill of lading made no reference to any limitation of time, and in consequence since there was no meeting of the minds of the parties upon this particular subject-matter, the motion to strike out the third separate defense is granted.