Per Curiam.

This is an appeal by defendant Todd Shipyards Corporation (hereinafter described as Todd) and A. J. Armstrong Co., Inc. (hereinafter described as Armstrong) from an order of the Appellate Term reversing a judgment of the Municipal Court which dismissed the complaint for lack of jurisdiction. Three hundred ten plaintiffs are suing for the return of money paid to purchase passage on the S. S. City of Athens for transatlantic voyages which were not made by said vessel. This ship was owned by a Panamanian corporation known as Sociedad Naviera Transatlántica, S. A. Said corporation is alleged to have been indebted to Todd and Armstrong. It is further alleged that moneys procured by Sociedad Naviera Transatlántica, S. A., from plaintiffs for passage, though unearned, were paid out to the accounts of Todd and Armstrong by reason of such indebted *80 ness. On July 12,1947, the City of Athens was libeled by Todd in the Port of Baltimore, Maryland, by process in rem issued out of the United States District Court, with the consequence that the scheduled voyage of July 15,1947, and all later voyages were abandoned.
Although the complaint is encumbered by numerous causes of action the material facts of which might well have been more plainly and concisely stated (Civ. Prac. Act, § 241), the causes of action are similar to those involved in Silva v. Bankers Commercial Corp. (163 P. 2d 602) and Mclnnes & Co., v. Equitable Trust Co. (197 App. Div. 649). Money paid for passage on ships for voyages which were not undertaken form constructive trust funds for the benefit of the prospective passengers. Where, as here, if the allegations of the complaint be correct, such funds have been transferred to creditors of the transportation company, with notice of these facts, the recipients are held accountable in equity.' In Mclnnes & Co. v. Equitable Trust Co. this court said (p. 652): “It is not material whether Stafford and Miller were guilty of fraud in inducing the plaintiff to make the contract and prepay this freight.” It was held in that case that the defendant creditor therein took such moneys “charged with knowledge and charged with all the obligations with which ” the shipowners “ would have been charged for failure of the vessel to make the voyage.”
Matters of this nature are cognizable in equity rather than at law (54 Am. Jur., Trusts, § 248; Bogert on Trusts [Hornbook Series, 2d ed.], p. 170; 5 Pomeroy on Equity Jurisprudence, [3d ed.], § 10; Newton v. Porter, 69 N. Y. 133, 138-140).
Plaintiffs paid these passage moneys to the transportation company in many installments over a period of about six months, not all of the moneys paid by plaintiffs were transferred to Todd and Armstrong, nor did all of such transfers which did take place occur at the same time. It is admitted in an affidavit for plaintiffs that part was paid to said appellants on June 13, 1947, and that ninety-nine of the plaintiffs paid for their passage after that date. Under the theory of the Silva and the Mclnnes cases, those plaintiffs who paid after June 13, 1947, would not be entitled to share in any recovery of the installment that was paid to appellants upon that date. Moreover, as just stated, not all of the moneys paid by plaintiffs for passage went into the hands of Todd and Armstrong. Even though plaintiffs may be entitled to recover against those defendants, to the extent that passage money was transferred to them, there will not be enough of such *81 money to go around, and questions will necessarily arise concerning the tracing of payments made by particular plaintiffs, concerning which plaintiffs should share proportionally and to what extent in funds for which Todd and Armstrong are accountable, whether they should be reimbursed out of said funds in the chronological order or in the inverse order of their payments to the shipping company, or how the funds should be allocated among them.
Since the Municipal Court lacks equitable jurisdiction, the complaint should have been dismissed (Simon v. Schmitt, 137 App. Div. 625).
It is not certain that the various causes of action should not have been separately stated and numbered, but to do so would require an extraordinarily lengthy and elaborate complaint, which would not necessarily render the allegations in favor of the respective plaintiffs more clear and comprehensible than could be done by bill of particulars. The portion of the motions by appellants relating to the separate statement and numbering of the causes of action becomes academic, however, at this stage in the proceedings, in view of the dismissal of the complaint.
The determination appealed from should be reversed, with costs.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Determination unanimously reversed, with costs to the appellants and the complaint dismissed. Settle order on notice. [See post, p. 894.]