In the Matter of the Arbitration between BROWN & GUENTHER, Appellant, and NORTH QUEENSVIEW HOMES, INC., Respondent.

First Department, April 18, 1963.

*Martin 1. Shelton* of counsel (*Jesse Climenko* with him on the brief; *Gallop Climenko & Gould,* attorneys), for appellant.

*Victor Rabinowitz* of counsel (*Shirley Fingerhood* with him on the brief; *Rabinowitz & Boudin,* attorneys), for respondent.

BASTOW, J. In this proceeding petitioner's application to stay arbitration has been denied upon the ground that an issue was presented for determination by the arbitrators and not the court as to whether respondent had made timely demand for arbitration. The conclusion of Special Term that arbitration should not be stayed was correct but not for the reasons stated by it.

The contract under consideration was made in June, 1953 between respondent, as owner, and petitioner, a firm of architects. Respondent was organized under the Redevelopment Companies Law of this State. (L. 1942, ch. 845, as amd.) We learn from the recitals in the contract that respondent planned to erect a co-operative housing project in the Borough of Queens consisting of seven buildings for approximately 364 families. Petitioner was to receive for architectural and engineering services as detailed in the contract a basic fee of $120,600.

Article 14 of the contract was entitled " Disputes " and provided, among other things, that all " disputes, claims, or questions " arising under the contract should be submitted to arbitration and that " The demand for arbitration must be made within fifteen (15) days after the dispute has arisen."

The project was substantially completed in August, 1958. Thereafter and commencing in January, 1959 and continuing to April 21, 1961 numerous letters and memoranda passed between the parties and their representatives wherein the performance of the contract by the architect and the amount of its fee were discussed. On the latter date respondent owner demanded arbitration of six specified items. Petitioner architect thereafter commenced this proceeding to stay arbitration on the ground that at least five of the items were not arbitrable because they were disputes that had existed for more than 15 days and were barred by the short period of limitations in the contract.

The general rule is recognized that parties may by contract provide for a time shorter than the statutory period as a limitation of time for required action. (Civ. Prac. Act, § 10; 1 Williston, Contracts [3d ed.], § 183; Restatement, Contracts, § 558, *Comment a*; *Soviero Bros. Contr. Corp.* v. *City of New York*, 286 App. Div. 435, 441, affd. 2 N Y 2d 924.) But the corollary rule is equally well established that the contractual limitation must not be " so short as to be unreasonable in the light of the provisions of the contract and the circumstances of its performance and enforcement." (1 Corbin, Contracts, § 218, p. 726.) " Thus a shorter limitation by written contract may be examined as to whether it is unreasonably short ". (*Planet Constr. Corp.* v. *Board of Educ. of City of N. Y.*, 7 N Y 2d 381, 385.)

In considering bills of lading it has been held that provisions requiring suit for loss or damage to be brought within periods of six months and one year, respectively, were reasonable and valid. (*Aron & Co.* v. *Panama R. R. Co.*, 255 N. Y. 513; *Sapinkopf* v. *Cunard S. S. Co.*, 254 N. Y. 111.) On the other hand a provision requiring notice of claim to be given within 60 days after knowledge of the loss and action to be brought within 60 days thereafter was invalidated as being a flagrant departure from the statutory standard of reasonableness. (*South & Cent. Amer. Commercial Co.* v. *Panama R. R. Co.*, 237 N. Y. 287.) A similar limitation of any suit to 30 days after presentation of claim was held to be unreasonably short in *The President Polk* (43 F. 2d 695, 698) where the court said that " thirty or forty days appears to us no more than a trap to get rid of inconvenient claims."

Similar periods of limitation have been passed upon as to reasonableness in fire, life, accident and marine policies, indemnity and fidelity bonds and shipping contracts. (See Ann. 121 A. L. R. 758–796.) These decisions enunciate the general principles to be used as guides to determine whether the contractual period may be found to be unreasonably short. Thus, considera-

tion should be given to all the provisions of the contract, the circumstances of its performance and the relative abilities and bargaining positions of the parties. From all of these a conclusion may be reached as to whether the limited time is unconscionable, unfair, unreasonable and therefore unenforcible.

Closely allied with this issue is the collateral problem as to whether the contract provision is so vague and ambiguous that it is unenforcible. "Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, may prevent the creation of an enforcible contract. * * * A promise that is too uncertain in terms for possible enforcement is an illusory promise; but to determine whether or not it is an 'illusion' one must consider the degree and effect of its uncertainty and indefiniteness." (1 Corbin, Contracts, § 95.)

Here the agreement provided that all "disputes, claims, or questions" arising under the contract should be submitted to arbitration. But only one of these three was subjected to a short period of limitation — demand for arbitration was mandatory within 15 days "after the *dispute* has arisen." The parties for a period of more than two years exchanged writings relating to some of the subject matters now claimed to be arbitrable. It would be an exercise in semantics for either court or arbitrators to analyze these writings and determine whether the parties were discussing "claims", "questions" or "disputes".

The short period of limitation here placed in the contract has a recognizable use in other areas. Thus the standard form of contract between owner and contractor approved by The American Institute of Architects (1A Modern Legal Forms, § 1762) contains provisions (arts. 39 and 40) making the architect in the first instance the arbiter of disputes. If he fails to make a decision within 10 days or within a similar period after decision either party may demand arbitration. In any other case such demand must be made within a reasonable time after the dispute arises. Within the frame of such a provision both parties may ascertain with certainty the date upon which the period of 10 days commences to run. In other words, there is no uncertainty as to the date a dispute is submitted to the architect or the date he makes a decision. Presumably work is in progress and there is a recognizable need for prompt resolution of disagreements. As to all other disputes, however, the parties are given a reasonable time within which to make the demand.

In the event of a dispute arising under such a contractual short period, an issue of fact as to fulfillment of a condition precedent to arbitration would be presented that might require

remand to Special Term for determination (*Matter of Board of Educ.* v. *Bernard Associates,* 11 A D 2d 1038). But in the contract provisions before us the issues present questions of law that may be decided by us. (10 N. Y. Jur., Contracts, § 190.)

We conclude that the provision requiring the giving of the notice within the period of 15 days " after the dispute has arisen " in the light of the facts presented is unreasonable and unenforcible. (Cf. *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.,* 305 N. Y. 36, 41.) Furthermore, the application of that time limitation to " disputes " but providing that " claims " and " questions " may be the subject of arbitration at any time without reference to the short period renders the entire provision so vague that the time limitation may not be enforced. Neither court nor arbitrators can enforce a contract provision unless it can be determined what it is. " It is not enough that the parties think that they have made a contract; they must have expressed their intentions in a manner that is capable of understanding. It is not enough that they have actually agreed, if their expressions are not such that the court can determine what the terms of that agreement are." (1 Corbin, Contracts, § 95.)

The order should be affirmed, with costs.

BREITEL, J. P., RABIN, STEVENS and STEUER, JJ., concur.

Order, entered on August 15, 1961, unanimously affirmed, with $20 costs and disbursements to respondent.