■ ROBERT H. HURLBUT et al., Appellants, v ALBERT S. CHRISTIANO, SR., et al., Respondents.—Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Pursuant to a written contract dated February 29, 1972, plaintiffs agreed to purchase from defendants premises known as the Lake Shore Nursing Home. Incorporated in the purchase agreement were representations and warranties that defendants had complied with all "laws, regulations and orders materially affecting the opera-

tion of the business" and that there were "no existing or proposed laws, regulations, ordinances or orders of any governmental authority * * * which in any way adversely affect * * * the business * * * as the same is presently being conducted." Such warranties were to survive the date of closing but no specific time period was established. The purchase agreement further provided that in the event the plaintiffs claimed a breach of warranty, they were required to give written notice of such claim to the defendants specifying the amount claimed and the facts upon which the claim was based. If that claim could not be adjusted, the rights of the parties would be determined pursuant to the simplified procedure for court determination of disputes (SPCDD), CPLR 3031. Shortly before the closing, an inspection of the nursing home resulted in a notice of approximately 42 violations of the New York State Hospital Code which would have to be corrected before a new operating certificate would be issued to plaintiffs. Consequently on June 1, 1972, the closing date, an agreement was reached whereby defendants placed $10,000 in escrow to be used for correcting the violations. An escrow agreement was entered into whereby the parties agreed that the representations and warranties set forth in the purchase agreement would survive the closing for a period of three years. Plaintiffs, claiming that they were compelled by various governmental directives to correct a series of deficiencies, seek to recover the reasonable costs of correcting those deficiencies. They notified defendants by letters dated May 8, May 21 and May 30, 1975, setting forth the nature and amount of the claims. When no agreement was reached, proceedings were commenced on August 3, 1976. Pursuant to the SPCDD agreement, the parties filed a stipulation of claims and defenses, among which was the defense that the escrow agreement providing a three-year period for survival of the warranties established a shortened period of limitations and that since plaintiffs' action was not instituted within that three-year period, it was time-barred. Additionally defendants asserted that the letters of May, 1975 notifying them of the claims were insufficient. The case went to trial on those issues alone and the trial court determined that the escrow agreement had established a shortened period of limitations which had expired prior to the institution of plaintiffs' claim. Because of that finding, the court did not determine the issue of the adequacy of notice. Parties to a contract may agree to a shorter period of limitations within which an action may be brought so long as the period agreed to is not unreasonably short (CPLR 201; *Planet Constr. Corp. v Board of Educ.,* 7 NY2d 381; *Matter of Brown & Guenther [North Queensview Homes],* 18 AD2d 327; *Soviero Bros. Constr. Corp. v City of New York,* 286 App Div 435, affd 2 NY2d 924); nevertheless, the intention to establish a shorter period must be clearly set forth in the contract *(Dorff v Taya,* 194 App Div 278). "Contractual stipulations which limit the right to sue to a period shorter than that granted by statute, are not looked upon with favor because they are in derogation of the statutory limitation. Hence, they should be construed with strictness against the party invoking them." *(Hauer Constr. Co. v City of New York,* 193 Misc 747, 749, affd 276 App Div 841, mot for lv to app den 898; 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.08; 2 Carmody-Wait 2d, NY Prac § 13:6; 35 NY Jur, Limitations and Laches, § 5). The clause in controversy here provides, in pertinent part, as follows: "The parties hereto further agree that the representations and warranties set forth in Sections 4.01 (d) and 4.03 (g) of the Purchase Agreement between them dated February 29, 1972 shall survive the closing for a period of three (3) years." The language of the agreement is clear and unambiguous and suggests nothing from which a

shortened period of limitations can be inferred. Plaintiffs had just become aware of extensive violations which required expenditure of funds for their correction. The provision therefore is clearly a precaution to protect them against existing violations for which no notices had as yet been received and which, in the absence of this agreement, might not be actionable. (See, generally, Freedman, Contracts & Conveyances of Real Property [3d ed] 1975, § 3.6, and cases cited therein.) The language of the escrow agreement rendered the sellers liable for existing deficiencies which would be formally noticed during a three-year period after closing. The parties neither expressly nor impliedly shortened the applicable six-year Statute of Limitations (CPLR 213, subd 2). Defendants' objections to the adequacy of plaintiffs' letters notifying them of the claims are lacking in merit. The letters and attached schedules clearly specify that facts on which the claim is based and estimates of the cost. The timeliness of the letter of May 30, 1972, received on Monday, June 2, is governed by section 25 of the General Construction Law which provides for an extension of time to the next succeeding business day when a condition is required to be performed by a certain date which falls on a Saturday, Sunday or public holiday. (Appeal from order and judgment of Monroe Supreme Court—Statute of Limitations.) Present—Marsh, P. J., Simons, Dillon, Hancock, Jr., and Denman, JJ.