■ LINDA FLEISHMAN, Appellant, v ELI LILLY AND COMPANY et al., Respondents. — In an action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kassoff, J.), dated January 22, 1982, which granted defendants' motions and dismissed the complaint on the ground that it was time-barred, and (2) a judgment entered thereon on April 15, 1982. Appeal from the order dismissed, without costs or disbursements. (See *Matter of Aho,* 39 NY2d 241, 248.) Judgment affirmed, without costs or disbursements. (See *Manno v Levi,* 94 AD2d 556.) Damiani, J. P., Mangano and Niehoff, JJ., concur.

Gibbons, J., concurs insofar as the appeal from the order is dismissed but otherwise dissents and votes to reverse the judgment and deny defendants' motions to dismiss the complaint, in accordance with the following memorandum: Plaintiff was born on March 29, 1955. Almost exactly 23 years later, in March, 1978, she discovered that she had cervical and vaginal cancer, which required radical surgery, including a complete hysterectomy. In January and February, 1980, plaintiff commenced suit against the four defendant drug companies, setting forth seven causes of action. According to the complaint, the cancer was caused by a drug named Diethylstilbestrol (hereinafter DES), a drug previously manufactured by defendants, which was ingested by plaintiff's mother when the latter was pregnant with plaintiff. The sole issue on this appeal is whether plaintiff's suit was brought within the period provided by the applicable Statute of Limitations. This suit for personal injuries had to be commenced, unless a toll was in effect, within three years of its accrual (CPLR 214, subd 5; 203, subd [a]). If the action accrued prior to September 1, 1974, the effective date of the law defining an infant as someone under 18 years of age (L 1974, ch 924), the Statute of Limitations would have been tolled until that date because of plaintiff's age (CPLR 208). While the Legislature has set forth the various Statutes of Limitations, to be measured from the time a cause of action accrues to the time the claim is interposed (CPLR 203, subd [a]), it has been left to the courts to determine when a cause of action accrues (*Cubito v Kreisberg,* 69 AD2d 738, 743, affd 51 NY2d 900). In general, it can be said that a cause of action for personal injuries, whether sounding in negligence, malpractice or products liability, accrues at the time of injury (see, e.g., *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395; *Cubito v Kreisberg, supra*). "The issue to be decided, then, is when did the injury occur: at the time of insertion, at the time symptoms began to develop, at the time that plaintiff discovered her malady, or at some other time?" (*Reyes v Bertocchi,* 92 AD2d 863, 864). Defendants, relying on *Schmidt v Merchants Desp. Transp. Co.* (270 NY 287), maintain that, as a matter of law, it must be found that plaintiff's injury occurred at the time that her mother ingested the DES. *Schmidt v Merchants Desp. Transp. Co. (supra),* and its progeny have recently been reviewed in a scholarly opinion by Justice Niehoff in the case of *Lindsey v Robins Co.* (91 AD2d 150). These "inhalation-injection cases stand primarily for the proposition that when a harmful substance enters the body, or is taken internally, the injury occurs immediately. Those cases hold that it is the introduction of the deleterious substance into the body, through inhalation or injection, which constitutes the injury to a plaintiff and not the infection or disease which may ultimately be caused by the substance. In other words, the injection or inhalation of the harmful substance into the body constitutes the actionable 'invasion of the body' which *immediately* initiates the infection or disease process for which a negligent defendant is responsible" (*Lindsey v Robins Co., supra,* p 157). It does not necessarily follow from *Schmidt v*

*Merchants Desp. Transp. Co. (supra)*, however, that the injury to plaintiff occurred at the time her mother ingested DES. The drug was not administered to plaintiff but to her mother. While it might be argued that the mother was injured at the time she ingested DES (see *Manno v Levi*, 94 AD2d 556), a fact question exists as to whether the unborn child being carried by the mother was injured at that time or later. I, therefore, dissent. The Court of Appeals has said, following *Schmidt v Merchants Desp. Transp. Co. (supra)*: "[W]e must assume that the [deleterious substance] immediately acted upon [the plaintiff's] tissue" (*Schwartz v Heyden Newport Chem. Corp.*, 12 NY2d 212, 217). In this case, why must this be assumed? Modern science has demonstrated that the contrary is often the case. Some drugs and chemicals have no immediate deleterious effect on the body after they are ingested. DES is one such drug, causing vaginal carcinoma only after a latent period (see *Bichler v Lilly & Co.*, 79 AD2d 317, 324, affd 55 NY2d 571). It is as though the DES had a time bomb affect on the body. A general rule that ingestion and injury are simultaneous ignores the fact that some drugs have no immediate effect on the body and is premised on an absolutist theory that represents a primitive scientific view. The question of when an injury occurs is empirical in nature. If the issue is problematic, as in this case, a trial or hearing, where expert testimony can be presented, is necessary to resolve the matter (*Lindsey v Robins Co., supra*). It is proposed that application of the principles enunciated in *Schmidt v Merchants Desp. Transp. Co. (supra)*, to this case results in a finding that the Statute of Limitations period expired on September 1, 1977. Not only was this seven months prior to the time plaintiff discovered that she had cancer, it may very well have been before the cancer even existed! Prior to her battle with the disease, plaintiff was a lifeguard at a resort hotel, and an obviously healthy young woman. The record does not reveal whether, on September 1, 1977, modern science could have determined that she was afflicted with any malady or that cancer was about to strike; yet, on that date, according to the majority, she lost her right to ever bring suit. While the stale claim rationale of Statutes of Limitations is a sound one, in this case, it is inapplicable. It is sought here to declare the bread stale before it is baked. Realistically, the young woman could not have sued prior to September of 1977 because no injury had manifested itself, and, for all we know on the present record, did not, in fact, exist. Yet she could not bring suit after that date because, purportedly, the Statute of Limitations had run. This state of affairs is both illogical and unjust (*Victorson v Bock Laundry Mach. Co., supra,* p 403). The Court of Appeals has held that, in products liability cases, a cause of action accrues at the time of actual injury and not at the time the product was manufactured or sold, recognizing that "[I]t is all but unthinkable that a person should be time-barred from prosecuting a cause of action before he ever had one (*Mendel v Pittsburgh Plate Glass Co.* [25 NY2d 340], p 346)" (*Victorson v Bock Laundry Mach. Co., supra,* p 403). If the plaintiff in such a case safely used the product for years, the Statute of Limitations would only begin to run, because of a defect, when the defect caused an injury. Analogously, when a person comes into physical contact with a defective or dangerous chemical or drug, should not the measuring date for the Statute of Limitations be determined by when the substance actually has a deleterious effect on the body? As with any products liability case, is it not unthinkable, before plaintiff even has a cause of action, to time bar her from prosecuting a cause of action resulting from a mother's ingestion of DES?