■ FITZPATRICK & WELLER, INC., Respondent, v STEPHEN MILLER, Doing Business as MILLER's SAW MILL, Appellant, et al., Defendant. [765 NYS2d 555] —Appeal from an order of Supreme Court, Cattaraugus County (Himelein, J.), entered August 28, 2002, which denied the motion of defendant Stephen Miller, doing business as Miller's Saw Mill, seeking summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied that part of the motion of Stephen Miller, doing business as Miller's Saw Mill (defendant), seeking summary judgment dismissing the complaint against him as time-barred. Although "[p]arties to a contract may agree to limit the period of time within which an action must be commenced to a shorter period than that provided by the applicable Statute of Limitations" (*Matter of Incorporated Vil. of Saltaire v Zagata*, 280 AD2d 547, 547 [2001], *lv denied* 97 NY2d 610 [2002]; *see* CPLR 201; *Kassner & Co. v City of New York*, 46 NY2d 544, 550-551 [1979]), the intent to shorten the limitations period must be set forth in a clear and unambiguous manner (*see Hurlbut v Christiano*, 63 AD2d 1116, 1117 [1978]; *Dorff v Taya*, 194 App Div 278, 281 [1920]). In support of his contention that plaintiff and defendant agreed to a shortened limitations period, defendant relies on the language in plaintiff's purchase order that "[t]he lumber is to be inspected according to the rules and regulations of the [National Hardwood Lumber Association (NHLA)]" and the NHLA rule that requires the buyer to report any difference between the amount of the seller's invoice and the value of the shipment computed from the buyer's measurement and inspection within 14 days after unloading. Contrary to defendant's contention, the purchase order and the NHLA rule "suggest[ ] nothing from which a shortened period of limitations can be inferred" (*Hurlbut*, 63 AD2d at 1117-1118). In any event, it is "well established that the contractual limitation must not be 'so short as to be unreasonable in the light of the provisions of the contract and the circumstances of its performance and enforcement' " (*Matter of Brown & Guenther [North Queensview Homes]*, 18 AD2d 327, 329 [1963]). Under the circumstances of this case, a time period of 14 days within which to commence legal action would be "unreasonably short" and thus unenforceable (*Planet Constr. Corp. v Board of Educ. of City of N.Y.*, 7 NY2d 381, 385 [1960]; *see e.g. South & Cent. Am. Commercial Co. v Panama R.R. Co.*, 237 NY 287 [1923]; *Brown & Guenther*, 18 AD2d at 331).

Contrary to the further contention of defendant, he did not establish his entitlement to summary judgment dismissing the causes of action for fraud and negligent misrepresentation. Defendant's contention that those causes of action must be dismissed because they are not independent of the contract is raised for the first time on appeal and therefore is not preserved for our review (*see Fischer v Zepa Consulting*, 263 AD2d 946, 947 [1999], *affd* 95 NY2d 66 [2000]; *Lindgren v New York City Hous. Auth.*, 269 AD2d 299, 303 [2000]; *Taughrin v Rodriguez*, 254 AD2d 735 [1998]). Defendant further contends that he is entitled to summary judgment because plaintiff will be unable to prove that defendant delivered lumber of inferior quality from that reflected in the invoices and thus will be unable to substantiate his claim for damages. That contention is without merit. It is well settled that a defendant "cannot establish [his] entitlement to summary judgment by pointing to alleged gaps in plaintiff['s] proof" (*Aldrich v County of Oneida*, 299 AD2d 938, 939 [2002]; *see Kajfasz v Wal-Mart Stores*, 288 AD2d 902 [2001]), and defendant failed to establish as a matter of law that the lumber delivered was of the requisite quality. In any event, plaintiff raised a triable issue of fact in that respect.

Defendant failed to brief any issues with respect to the denial of that part of his motion seeking summary judgment on his counterclaim and we therefore deem those issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Green, J.P., Pine, Wisner and Hayes, JJ.