▬ RAYMOND DiPIETRO et al., Respondents, v FELDMAN-MONDLICK, INC., Appellant. [775 NYS2d 704]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 14, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion in part and dismissing the second, third and fourth causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action against defendant, a home improvement contractor, seeking damages for personal injuries sustained by Raymond DiPietro (plaintiff) and

loss-of-bargain damages for defendant's alleged inadequate performance under the contract. Defendant moved for summary judgment dismissing the complaint based on a contractual limitations period of two years.

Supreme Court erred in denying that part of defendant's motion seeking dismissal of the causes of action for breach of express and implied warranty (contract causes of action) as time-barred, and we therefore modify the order accordingly. "Parties to a contract may agree to limit the period of time within which an action must be commenced to a shorter period than that provided by the applicable Statute of Limitations" (*Matter of Incorporated Vil. of Saltaire v Zagata,* 280 AD2d 547, 547 [2001], *lv denied* 97 NY2d 610 [2002]), and here the parties' "intent to shorten the limitations period [is] set forth in a clear and unambiguous manner" (*Fitzpatrick & Weller v Miller,* 309 AD2d 1273, 1273 [2003]). As a matter of law, the contract causes of action accrued no later than July 1996, when defendant completed the work, was paid in full by plaintiffs, and left the job site without any intention on the part of plaintiffs or defendant that defendant return to perform any more work. The contract causes of action are therefore time-barred (*see Gruet v Care Free Hous. Div. of Kenn-Schl Enters.,* 305 AD2d 1060, 1061 [2003]; *Minichello v Northern Assur. Co. of Am.,* 304 AD2d 731, 732 [2003]; *see also Gianakakos v Commodore Home Sys.,* 285 AD2d 907, 908 [2001], *lv denied* 97 NY2d 606 [2001]).

We further conclude, however, that the court properly denied that part of defendant's motion seeking dismissal of the negligence cause of action, pursuant to which plaintiffs seek damages for personal injuries sustained by plaintiff. The contract does not clearly and unambiguously limit plaintiffs' time for suing for personal injuries (*cf. Fitzpatrick & Weller,* 309 AD2d at 1273), and the statutory limitations period of three years therefore applies (*see* CPLR 214 [5]). The negligence cause of action accrued on the date of the alleged injury, January 16, 1999, and was therefore timely interposed (*cf. Gianakakos,* 285 AD2d at 908-909). Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.