■ JOHN BARRELL et al., Appellants, v GLEN OAKS VILLAGE OWNERS, INC., Defendant, and OWL PLUMBING AND HEATING, INC., Respondent. [814 NYS2d 276]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dorsa, J.), dated May 11, 2005, which denied their motion to strike the first affirmative defense of the defendant Owl Plumbing and Heating, Inc., asserting the statute of limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first affirmative defense of the defendant Owl Plumbing and Heating, Inc., is stricken.

As a general rule "a cause of action for personal injuries, whether sounding in negligence, malpractice, or products liability, accrues at the time of injury" (*Fleishman v Lilly & Co.,* 96 AD2d 825 [1983], *affd* 62 NY2d 888 [1984], *cert denied* 469 US 1192 [1985]; *see Snyder v Town Insulation,* 81 NY2d 429, 432-433 [1993]). "Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (*Synder v Town Insulation, supra* at 432). The plaintiffs seek to recover damages for personal injuries sustained by the injured plaintiff when a hose supplying hot water to a washing machine in the plaintiffs' apartment burst. Contrary to the conclusion reached by the Supreme Court, the plaintiffs' claim against the defendant plumbing company for negligent installation of the washing machine and attendant plumbing accrued on the date the injury was sustained, and not on the date the work was performed (*see Cubito v Kreisberg,* 69 AD2d 738, 744 [1979], *affd* 51 NY2d 900 [1980]; *DiPietro v Feldman-Mondlick, Inc.,* 6 AD3d 1216, 1217 [2004]; *Marrero v Marsico,* 218 AD2d 226, 227 [1996]; *Gile v Sears, Roebuck & Co.,* 281 App Div 95 [1952]; *cf. City School Dist. of City of Newburgh v Stubbins & Assoc.,* 85 NY2d 535 [1995]). Accordingly, the plaintiffs' claim against the plumbing company to recover damages based on negligence is not barred by the applicable three-year statute of limitations (*see* CPLR 214). Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.