■ ANTHONY J. SPATARO et al., Appellants, v RALPH HIRSCHHORN et al., Respondents, et al., Defendant. [837 NYS2d 258]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga,

J.), entered April 7, 2006, as granted the motion of the defendants Ralph Hirschhorn, Stephen Borkow, Robert Garroway, Steven Goodman, Russell Miller, and Long Island Orthopaedic Group, P.C., pursuant to CPLR 3211 (a) (1), (5), and 7501 to dismiss the third cause of action insofar as asserted against them as time-barred and barred by an arbitration clause in the contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Ralph Hirschhorn, Stephen Borkow, Robert Garroway, Steven Goodman, Russell Miller, and Long Island Orthopaedic Group, P.C., pursuant to CPLR 3211 (a) (1), (5), and 7501 to dismiss the third cause of action insofar as asserted against them is denied.

The arbitration clause contained in the provision of the parties' employment agreement referable to the payment of salary to a disabled employee requires that a demand for arbitration be made "in writing, within twenty (20) days after a dispute has arisen." The term "dispute" is not defined in the agreement. This provision is thus unenforceable as a contractual period of limitations because the period is unreasonably short and the provision is not clear and unambiguous (*see John J. Kassner & Co. v City of New York*, 46 NY2d 544, 551 [1979]; *Fitzpatrick & Weller v Miller*, 309 AD2d 1273 [2003]; *Matter of Brown & Guenther [North Queensview Homes]*, 18 AD2d 327, 329-330 [1963]).

Further, the moving defendants waived arbitration by counterclaiming to recover damages for fraud, breach of fiduciary duty, and breach of contract, based upon allegations that the plaintiff Anthony J. Spataro fraudulently misrepresented that he was disabled, without also asserting the right to arbitration as an affirmative defense (*see Les Constructions Beauce-Atlas v Tocci Bldg. Corp. of N.Y.*, 294 AD2d 409, 410 [2002]). The counterclaims are not separate and distinct from the plaintiffs' third cause of action to recover his full salary during the first three months of his alleged disability (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 273 [1985]). Rather, the counterclaims raise the same issue as the third cause of action, to wit, whether Spataro was in fact disabled. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.