Foster, J.
This is an appeal of the plaintiff, by permission of this court, from a summary judgment dismissing the complaint granted at Special Term and unanimously affirmed by the Appellate Division, First Department.
The action is to recover a balance alleged to be due for extra labor and materials furnished in connection with a construction contract. The contract contains a provision limiting the time for the commencement of such an action, or any claim arising out of the contract, to one year from the date of the acceptance of the work by the defendant Board of Education. Aside from some denials irrelevant to the issues here, the answer set up an affirmative defense of payment and the contract limitation for the commencement of an action. In granting summary judgment Special Term held that waiver of the contract limitation, and estoppel to assert it as a bar to the action, were not available to plaintiff.
The record indicates without dispute that on November 10, 1955 the defendant Board of Education issued its final payment certificate which bore this notation: ‘ ‘ Note. Additional amount not exceeding $45,000.00 is due Contractor for extra work performed.” On March 28, 1957, one year and about five months after the date of the final payment certificate, the board issued a change order addressed to plaintiff fixing a balance due for extras at $16,599.63. This order stated that the adjustment was made subject to certain conditions, among which was the following: “ all claims against the Board of Education of the City of *384 New York which are incidental to or as a consequence of the aforementioned change are satisfied.” Plaintiff refused to sign the acceptance slip containing this stipulation, which in effect would have amounted to a release, but accepted a check for the amount stated which was received later, some time in May, 1957.
On May 22,1957, one year and about six months after the date of the final payment certificate, plaintiff filed a claim for $31,700.43, the total amount it claimed for extras, but later credit was given by plaintiff for the payment of $16,599.63 and the claim reduced to $15,100.80. Payment of the reduced amount was refused and thereupon the plaintiff commenced the present action.
In opposition to the motion for summary judgment at Special Term plaintiff took the position that the one-year time limitation in the contract began to run from the date of the change order and not from the date of the final payment certificate. Apparently for present purposes plaintiff claims only that the conduct of the defendant board, and its representative officers, with respect to the claim amounted to a waiver of the time limitation or an estoppel to enforce it. In support of this position the affidavit of the plaintiff’s president states that, after the final payment" certificate was issued on November 10, 1955, plaintiff requested the board, through its director of construction, to inspect and audit the items for extras, and the board, through its superintendent of construction, made numerous promises to have the items for extras audited but the matter was delayed until March 28,1957, before a change order was issued. It is on the basis of such promises and delay, plus a deduction of certain items from the contract price, that plaintiff claims triable issues as to waiver and estoppel. Defendant argues that under long-recognized principles of law, and subdivision 5 of section 20 of the General City Law, neither the doctrine of waiver nor estoppel is available to plaintiff.
The statute cited provides that no city shall have the power to waive the defense of the Statute of Limitations. Thus, a plaintiff was held barred by the Statute of Limitations from collecting a warrant in a condemnation award despite the fact that the money was unquestionably due (Matter of City of New York [Elm St.], 239 N. Y. 220). That case, however, dealt with the Statute of Limitations and not with a period of limita *385 tion fixed by the parties in a contract. There are also cases which hold that a defense of the one-year period of limitation fixed by contract is a good defense bnt waiver or estoppel was not involved in those cases, or else found not to exist (Amex Asphalt Corp. v. City of New York, 288 N. Y. 721; Califano v. Citizens Ins. Co., 163 Misc. 542, affd. 252 App. Div. 731; City of New York v. Alpha Contr. Corp., 182 Misc. 115). Those cases did not reach the issues presented here, nor did the case of Oakhill Contr. Co. v. City of New York (262 App. Div. 530) relied upon by Special Term. There it was held that a reservation for extras in a general release, accepted by a subordinate, was unauthorized and in violation of the contract. We have no such situation here. The final payment certificate issued in this case, and clearly authorized by responsible authority, expressly noted that an additional amount not exceeding $45,000 was due the contractor for extra work performed.
Section 10 of the Civil Practice Act provides generally that the limitations prescribed in the act apply, except in one of the following cases: “ 1. A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties.” We are constrained to the belief that this section is merely permissive and was not intended to raise a shorter period of limitation provided for in a contract to the dignity of a statute. Thus a shorter limitation by written contract may be examined as to whether it is unreasonably short (Sapinkopf v. Cunard S. S. Co., 254 N. Y. 111). Of course, a statute may not be subjected to such an examination. Doubtless this section was enacted to prevent a claim that an agreement for a shorter period of limitation was contrary to public policy. The prohibition contained in subdivision 5 of section 20 of the General City Law against a municipality’s waiving a defense of limitation applies, in our opinion, only to a statute. In other words a limitation clause in a contract stands on no other or different footing than any other clause, and may be waived in a proper case, or estoppel may bar its enforcement. Estoppel may apply to a municipality as well as to an individual (Vermeule v. City of Corning, 186 App. Div. 206, affd. 230 N. Y. 585; Vandeweghe v. City of New York, 150 Misc. 815, affd. 242 App. Div. 762).
*386 The query remains whether on the motion for summary judgment there were triable issues as to waiver and estoppel. We think this query should be answered in the affirmative. The change order was issued to plaintiff one year and about five months after the final payment certificate. In the interim, plaintiff pressed for an audit of its claim for extras which, according to the affidavits submitted by plaintiff, was promised but not performed until the one-year period had expired. Moreover, the change order, in addition to setting forth items which the board was agreeable to pay, also deducted certain items from the contract price to the extent of $405.33. Thus the board was deducting from the amount under the contract a sum of money at a time when it claims plaintiff had lost its right to sue. This is a somewhat inconsistent position and would appear to have a bearing on the issues of whether the board did not waive the short period of limitation or is estopped from asserting it. The superintendent of construction apparently had wide power to determine the extent to which plaintiff was entitled for extras, and until such a time as he acted the plaintiff was in an anomalous position to say the least. Under the circumstances we think that triable issues of waiver and estoppel were present in the case and that summary judgment was improvidently granted.
The defendant board also urges a defense of accord and satisfaction, but this defense was not pleaded in its answer or presented to the Special Term. It is well settled that accord and satisfaction to be available as a bar to a plaintiff’s cause of action must be pleaded affirmatively (Reilly v. Barrett, 220 N. Y. 170; Habrich v. Donohue, 51 App. Div. 375; Wise v. Powell, 216 App. Div. 618; Ziegler v. Mancuso & Alessio, 283 App. Div. 813).
The judgment should be reversed, with costs in all courts, and the motion denied.