HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, a Connecticut Cor-
poration, Plaintiff-Appellant,

v.

HEFTLER CONSTRUCTION COMPA-
NY, a California corporation,
Defendant-Appellee.

No. 14155.

United States Court of Appeals
Seventh Circuit.

Nov. 26, 1963.

Edward D. Lapperre, Chicago, Ill., for appellant.

Elliott M. Lyon, Bernard Katz, Abbey Blattberg, Chicago, Ill., for defendant-appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

Plaintiff-appellant, hereinafter described as Hartford, as assignee of Paul D. Johnson, filed its complaint against defendant-appellee, hereinafter described as Heftler, on December 27, 1960. The suit was for recovery of sums claimed to be due in the amount of $12,139.70 from Heftler.

Heftler filed a motion to dismiss on the grounds that the filing of the suit was not timely. It asserted that the right to file the action was barred on December 18, 1960 by virtue of the limitation period set forth in the contract upon which Hartford had sued.

The motion to dismiss was sustained by the trial court and the complaint dismissed. This appeal followed.

In the Spring of 1958, Heftler became the general contractor for the construction of four Capehart housing projects under a Housing Contract with the United States Department of the Air Force and with the corporate owner-mortgagors of each of the projects. In accordance with Government regulations, the four owner corporations—Chanute AFB

Homes, Inc., Second Chanute AFB Homes, Inc., Third Chanute AFB Homes, Inc., and Fourth Chanute AFB Homes, Inc.—were subsidiaries of Heftler.

Under the Housing Contract, Heftler was required to deposit in escrow, upon the execution of the contract, resignations of the officers and directors of the "Chanute" corporations, together with all the capital stock of such corporations. Upon the issuance, by the Department and by the Federal Housing Commissioner, of a certificate of completion for each of the four housing projects, the resignations and capital stock for the owner of that project were delivered to the Department, whereupon the United States Government took full control and ownership of the project.

Also, in the Spring of 1958, one Paul D. Johnson, subcontractor, entered into a contract with Heftler, as general contractor, under which Johnson was to provide soil stripping, excavation, filling and grading for the Capehart projects. On or about June 3, 1958, Johnson obtained a contract bond from Hartford to secure his performance under his contract with Heftler.

Johnson subsequently defaulted in the performance of his contract with Heftler, and Hartford thereafter succeeded to his interests as his assignee under said contract and commenced this action.

Paragraph 24 of the contract upon which Hartford sued contains the following provision:

"No action or special proceeding, including arbitration, shall lie or be maintained against the Contractor by the Sub-contractor, unless the same shall be commenced within ten months after the date of filing in the office of the Owner of the 'Final Certificate of Completion' as provided for in the general contract."

Appellant claims that under Clause 25 of the general contract there is no provision for a final certificate of completion, no provision for a filing in the office of owners, and that for these reasons

paragraph 24 of the contract upon which Hartford sued is of no effect.

Clause 25 is as follows:

"The Commissioner shall issue a Determination of Completion when the project has been acceptably completed in accordance with the determination of the Contracting Officer and Commissioner, and thereafter he shall make his final endorsement of the respective mortgage note for mortgage insurance provided, however, that completion may be considered as acceptably completed if items of delayed completion, approved by the Commissioner, have been provided by an escrow agreement acceptable to the Commissioner."

Four completion certificates were filed with the owners of each housing project to be completed by Heftler, the general contractor, and the last certificate was filed with the owner on February 18, 1960.

The principal question presented in this appeal is whether the stipulated limitation period set forth in paragraph 24 of the contract upon which Hartford commenced the instant suit is valid and binding on Hartford.

It is a well settled principle of law that parties to a contract may stipulate the time in which proceedings must be commenced in order to enforce claims arising from that contract. Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947). But Hartford contends, among other things, that uncertainty as to effective date, unreasonableness, in that the operative event is under the sole control and within the sole knowledge of Heftler, and impossibility of performance, make the contract period of limitation unenforceable.

Paragraph 24 provided that the limitation period was to commence on a date certain—the filing with the owner of the final certificate of completion.

An affidavit filed by Steven Grossbard, a vice president of the Chanute Corpora-

tions, established that Heftler filed certificates of completion with such corporations. They were issued by the contracting officer of the Department of the Air Force and by the Federal Housing Commissioner.

The appellant contends that lack of notice to Johnson or Hartford as to the filing of certificates of completion precludes enforcement of the limitation. However, there was nothing in the contract with Johnson that required Heftler to send a notice to either Johnson or Hartford. Hartford could have obtained from the Department of the Air Force the date on which the certificate of completion was issued, and the date on which it was filed with the Owner Corporation. Both Johnson and Hartford are chargeable with knowledge of the terms of the general contract. It was set forth by Johnson in paragraph 2 of his subcontract with Heftler that he was fully familiar with the General Contract, and Hartford, as Johnson's assignee, is bound by this representation. Hartford also contends that the document referred to in paragraph 24 (the final certificate of completion) did not exist so that the procedure specified under paragraph 24 could not be accomplished. This is predicated on the fact that paragraph 25 of the general contract refers to the issuance of a "determination of completion" rather than the issuance of a "final certificate of completion" and that therefore paragraph 24 of the subcontract referred to a non-existing document. It seems perfectly clear that whether the document is called a "determination of completion" or a "final certificate of completion" is not significant. The document was described in such a manner that it is specifically identifiable and persons connected with the construction business would have no doubt as to the nature of the document referred to.

We hold that paragraph 24 of the subcontract established a clear procedure for the determination of the commencement of the stipulation of limitation. The District Court did not err in granting the motion and dismissing the complaint.

We have considered all other contentions made by appellant and find them without merit.

Judgment of the District Court is affirmed.

Affirmed.