PRACTICAL CONSTRUCTION COMPANY, a corporation, Plaintiff-Appellant,

v.

GRANITE CITY HOUSING AUTHORITY, a corporation, Defendant-Appellee.

No. 16825.

United States Court of Appeals Seventh Circuit.

Sept. 9, 1969.

Eugene Driker, Detroit, Mich., Joseph Cohn, E. St. Louis, Ill., Joel A. Kunin, Belleville, Ill., Cohn, Cohn & Korein, East St. Louis, Ill., Barris, Sott, Denn & Driker, Detroit, Mich., for plaintiff-appellant.

G. W. Horsley, Springfield, Ill., Maurice Dailey, Niedringhaus & Edison, Granite City, Ill., Horsley, Vespa & Lott, Springfield, Ill., for defendant-appellee.

Before CUMMINGS and KERNER, Circuit Judges, and HOFFMAN,[1] District Judge.

KERNER, Circuit Judge.

Plaintiff-appellant, Practical Construction Co., filed suit against the Public Housing Administration under 28 U.S.C. § 1346 and the Granite City Housing Authority under 28 U.S.C. § 1332 to recover its cost of construction over and above the contract price. The suit against the Public Housing Administration, one of the defendants, was dismissed by the district court and no appeal was taken. The district court granted summary judgment for the defendant-appellee, Granite City Housing Authority, on the basis of affidavits and documentary evidence and plaintiff appeals.

After an invitation for bids for the construction of housing for the elderly, Granite City entered into a written contract with Practical Construction for

---

1. Judge Hoffman is sitting by designation from the United States District Court for the Northern District of Illinois.

construction of the housing on February 15, 1962. The contract contains certain provisions regarding procedures as to changes or disputes arising from the construction:

Paragraph 11(a) provides:

If the Contractor claims that any instructions by drawings or otherwise involve extra cost or extension of time, he shall, within ten days after the receipt of such instructions and in any event before proceeding to execute the work, submit his protest thereto in writing to the Local Authority, stating clearly and in detail the basis of his objections. No such claim shall be valid unless so made.

Paragraph 15 provides:

(a) All disputes, other than those required to be handled under Section 44 of the General Conditions, arising under this contract or its interpretations, whether involving law or fact, or both, or extra work, and all claims for alleged breach of contract shall within 10 days of commencement of dispute be presented to the contracting officer for decision. A copy of the notice of the dispute shall be forwarded to the Field Office of the Public Housing Administration. Such notice need not detail the amount of the claim, but shall state the facts surrounding the claim in sufficient detail to identify the claim, together with its character and scope. In the meantime, the Contractor shall proceed with the work as directed. The parties agree that any claim not presented within the time limit specified within this subsection is waived, except that if the claim is of a continuing character and notice of the claim is not given within ten days of its commencement, the claim will be considered only for a period commencing ten days prior to the receipt by the Local Authority of written notice thereof.

(b) The Contractor shall submit, in detail, his claim and his proof thereof. The decision of the Contracting Officer shall be approved *in writing by the Public Housing Administration prior to its issuance. Any decision not so approved shall be a nullity.* Each decision by the Contracting Officer shall be in writing and shall be mailed to the Contractor by registered mail, return receipt requested.

(c) If the Contractor does not agree with any decisions of the Contracting Officer, he shall except *from the final release the decision* in question.

(d) Provided the Contractor has:

(1) Given notice of any dispute within the time limit stated in 15(a) above;

(2) Presented his dispute to the Contracting Officer;

(3) Taken exception in his release from the Contracting Officer's decision; and

(4) Brought suit within 120 days after receipt of final payment under this contract or within six months of a written request by the Local Authority that he submit a final voucher and release, whichever time is the lesser.

The Contracting Officer's decision shall not be final and conclusive but the dispute shall be tried in *court on its merits.* In the event the above conditions precedent have not been met, the Contractor hereby agrees that his noncompliance with the conditions precedent constitutes a waiver of his right to assert said claim.

The completion date in the contract was March 18, 1963.

While the construction was progressing, Granite City initiated two changes in the specifications. In each case, after a year of negotiation, adjustments were agreed to and made. Plaintiff

completed the project on July 17, 1963, and a Certificate of Release was submitted to plaintiff for signature on October 24, 1963. The plaintiff returned executed copies of the Certificate of Release on October 30, 1963, but included in its request for final payment, sums due as a result of extra work performed by the plaintiff. Defendant did not accept this Certificate of Release.

On April 20, 1964, the plaintiff sent defendant a new Certificate of Release which included a demand for payment of the undisputed balance and the cost of various unauthorized extras. Accompanying the Certificate were letters describing in detail each extra and requesting payment.

On September 10, 1964, defendant sent plaintiff a letter in which it agreed to seven extra items totalling $2,258.98 included in the Certificate of April 20, 1964. Between September 16 and October 6, 1964, the plaintiff received from defendant various letters accompanied by findings of fact denying all other requests for payment of extras. The findings of fact as to each extra not only denied the claims on the merits but also on the grounds of failure to comply with paragraphs 11(a) and 15 of the contract. Defendant claims that plaintiff received final payment on April 20, 1965, but this is denied by the plaintiff and no documentary evidence has been submitted by either side. Plaintiff filed suit on September 30, 1965, to recover all the individual claims which had been denied in September and October of 1964.

■ Paragraphs 11(a) and 15 of the contract provide the method of settling all disputes as to recovery for extra work. Plaintiff, however, contends that neither party complied with the provisions as to change orders upon which payment was made, and, therefore, the defendant has waived his right to demand compliance. Plaintiff did not plead waiver in his complaint but rather stated "Practical Construction Company at all times has fully performed pursuant to the contract, except when prevented from doing so by defendant's numerous material breaches of said contract." The courts have held such a variance between the pleadings and proof fatal and have refused to admit evidence as to waiver. Corbin, On Contracts § 765. While plaintiff should be permitted to amend his complaint to plead waiver,[2] plaintiff in his amended complaint continued to allege full performance. We do not think that the failure to plead waiver should be the only basis for the decision, but the last minute assertion of such an issue in an answer to a motion for summary judgment does not constitute the trial of such an issue by express or implied consent within the meaning of Rule 15(b) of the Federal Rules of Civil Procedure.

■ The failure of the parties to observe the conditions in paragraphs 11(a) and 15 as to certain agreed change orders does not waive these provisions as to all other disputes arising out of the contract. In reaching agreement as to certain extra work the parties entered into a new contract as to these items. The provisions of the original contract do not prohibit the parties from entering into a new contract as to certain items as long as the new contract is supported by consideration. The making of a new contract which does not contain the provisions of the old contract does not constitute a waiver of those provisions as to items outside the scope of the new contract. Corbin, On Contracts § 756 at 505. Even if there is no consideration for a new contract, the waiver of the contract provisions as to certain work does not prevent the assertion of the contract provisions as to other claims for payment. Granite City agreed to pay for certain extra work and at the same time denied other claims for payment for failure to comply with the contract provisions. Granite City should

---

**2.** See Rule 15(b) of Federal Rules of Civil Procedure and 3 Moore, Federal Practice (2d ed. 1968) ¶15.13 [2] at p. 987.

not be penalized for agreeing to pay for certain extra work by being forced to contest in court all other claims for extra work. Further, any waiver by Granite City as to certain agreed change orders entered into after all work had been completed could not have been relied on by Practical Construction since the time for compliance with the conditions of paragraphs 11(a) and 15 had passed. Plaintiff's reliance on Planet Construction Corp. v. Board of Education of City of New York, 7 N.Y.2d 381, 198 N.Y.S.2d 68, 165 N.E.2d 758, 81 A.L.R.2d 1035 (1960), is misplaced. In *Planet Construction* the certificate of final payment showed an amount still due for extra work but the Board did not act upon the requests for payment for extra services until after the period for bringing suit had passed. The Court held that the certificate of payment containing an amount still due for extra work constituted a waiver of the limitation period. Here, Practical Construction failed to initiate procedures under the disputes clause within the ten-day period and an amount for extras was not included in the final certificate.

Plaintiff contends that it is improper to decide this case on summary judgment. We disagree. Plaintiff relies on the affidavit of its former vice president in which the incidents of waiver are set out. Defendant does not contradict the facts in the affidavit but contends that they do not constitute a waiver. The district court was presented with no question as to which reasonable minds could differ and, therefore, it properly determined the question of waiver on summary judgment. Dempsey-Tegeler & Co., Inc v. Richard D. Irwin, et al., 415 F.2d 1348 (7th Cir. Aug. 5, 1969).

■ Plaintiff next contends that the time period in paragraphs 11(a) and 15 were unreasonable, and that in any case, the question of reasonableness is not to be reached on summary judgment. Plaintiff fails to present any evidence as to reasonableness which would create a fact question. As to reasonableness of the time periods, themselves, the court in Hartford Accident and Indemnity Company v. Heftler Construction Company, 325 F.2d 107 (7th Cir. 1963), held that the parties to a contract are free to agree to any time period as long as it is definite. Here, the ten-day period from the date this dispute arose was not vague since the plaintiff would know when a dispute existed and 120 days after final payment or six months after the final voucher and release are both definite periods of time. Secondly, we do not think that under the circumstances of this case that the time periods were inherently unreasonable. Brown & Guenther v. North Queensview Homes, Inc., 18 A.D.2d 327, 239 N.Y.S.2d 482.

■ Plaintiff denies that a final voucher and release were ever requested and, therefore, Section 15 was not activated. The documentary evidence clearly shows differently. However, even if a final voucher and release may not have issued, plaintiff's failure to observe the 10-day provision as to notification of disputes would prevent recovery under paragraphs 11(a) and 15.

■ We also disagree with the plaintiff that its claims do not come within the provisions of paragraph 15. All the claims of the plaintiff including the one for active and intentional interference by defendant with performance of the contract terms would be covered under the broad provision of paragraph 15(a):

> All disputes * * * arising under this contract or its interpretations, whether involving law or fact, or both, or extra work, and all claims for alleged breach of contract. * * *

All plaintiff's claims including the one for intentional interference fall within this contract provision.

For the foregoing reasons, we affirm.

Affirmed.