**MIDWAY OIL COMPANY, Plaintiff,**

v.

**CITIES SERVICE OIL COMPANY and Gulf Oil Corporation, Defendants.**

**Civ. No. RI–249.**

United States District Court,
S. D. Illinois, N. D.
April 2, 1970.

Stuart Lefstein, Rock Island, Ill., for plaintiff.

Virgil Bozeman, Moline, Ill., Warren M. Sparks, Robert Hamernik, Tulsa, Okl., for defendant, Gulf Oil Corp.

## 274

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT.

ROBERT D. MORGAN, District Judge.

This cause is now before the court on motion of Gulf Oil Corporation (hereinafter called Gulf) for summary judgment, asserting that there is no genuine issue as to any material fact and that this defendant is entitled to a judgment as a matter of law pursuant to Rule 56, Federal Rules of Civil Procedure.

■ The court may grant summary judgment only if it is clearly apparent that no genuine issue of material fact as to which reasonable minds could differ exists in the action. Practical Construction Company v. Granite City Housing Authority, 416 F.2d 540, 544 (7th Cir. 1969); Dempsey-Tegeler & Company v. Irwin, 415 F.2d 1348, 1351 (7th Cir. 1969). It is axiomatic that summary judgment must be denied even if only one such issue exists.

The plaintiff alleges in the complaint that Gulf:

"* * * wilfully participated in and induced Cities Service Oil Company to assign the contracts of plaintiff to it and to breach its contractual obligations with plaintiff, and in addition, interfered with plaintiff's business relationship with dealers and customers of plaintiff by wrongfully circularizing them, advising that thereafter they would be receiving their products from Gulf Oil Corporation, and that customers must obtain Gulf credit cards, and that Citgo cards would not be honored, all of which information was false * * *."

Gulf's answer denies all of these allegations. There is evidence now before the court, however, that there was some circularizing of some of plaintiff's dealers and customers by Gulf which contained false statements.

■ Essential to the cause of action is the element of "malice" or knowingly doing of an intentional act which violates the plaintiff's rights, without justification, which, when accompanied by misrepresentations, creates the cause of action. Meadowmoor Dairies v. Milk Wagon Drivers' Union, 371 Ill. 377, 21 N.E.2d 308 (1939), aff'd, Milk Wagon Drivers' Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836 (1941); John Deere Company v. Metzler, 51 Ill.App.2d 340, 356, 201 N.E.2d 478 (4th Dist. 1964); W. P. Iverson & Company v. Dunham Manufacturing Company, 18 Ill.App.2d 404, 152 N.E.2d 615 (1st Dist. 1958). Interference with business, however, in pursuance of a bona fide claim of right, or in good faith, without malice or improper means has been considered to constitute no tort. 34 I.L.P. Torts § 10.

■ Whether Gulf's contacts to certain of plaintiff's dealers and customers were intentional interference with the plaintiff's business, with the requisite "malice," seems to this court to depend, in part at least, on the degree of such circularization with untrue statements and what procedure, if any, was employed by Gulf to avoid misrepresentation to plaintiff's dealers and customers in its broad circularization. This is a material issue of fact on which the record is presently devoid of certainty. Such an issue precludes the granting of summary judgment.

The court does not evaluate the evidence presented with this motion except to find it inconclusive. No totality of evidence has been achieved and the parties are not required to try this issue on affidavits. Neither does the court decide that no other material issues of fact exist. The court simply finds at least one genuine issue of material fact for trial in the action against Gulf.

Accordingly, it is ordered that the motion of Gulf Oil Corporation for summary judgment is denied.