598 A.2d 52

Stelios J. VASILIS t/d/b/a Aamco Transmissions, Cyn & Bill, Inc., d/b/a Aamco, Kenneth E. Craven and Constance Craven t/d/b/a Craven Aamco, Rolam, Inc., d/b/a Aamco Transmission and L.S.W. Inc. d/b/a Aamco Transmissions, Appellants

v.

BELL OF PENNSYLVANIA.

Superior Court of Pennsylvania.

Argued April 25, 1991.

Filed Aug. 21, 1991.

D. Gregory Whitney, Pittsburgh, for appellants.

Richard B. Tucker, III, Pittsburgh, for appellee.

Before ROWLEY, P.J., and CAVANAUGH and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County entered June 13, 1990, granting judgment on the pleadings in favor of appellee, Bell of Pennsylvania ("Bell"). Appellants operate five franchises of Aamco Transmissions, Inc. located in Allegheny and Westmoreland Counties. They instituted suit against Bell for damages for economic losses sustained as the result of Bell's failure to list the five franchises in the Bell of Pennsylvania Yellow Pages. We affirm.

Appellants entered into a written contract with Bell on May 27, 1988, for business listings in various telephone directories compiled, published, and distributed by Bell. Some of the listings were omitted in the 1988–89 Yellow Pages, and appellants filed suit. In its answer and new matter, Bell asserted a limitation of damages clause in defense. After the close of the pleadings, Bell filed a motion for judgment on the pleadings which was granted following oral argument and the submission of briefs. Reconsideration was denied, and this appeal followed.

Appellants raise one issue for our review: "The lower court erred as a matter of law in granting judgment on the

pleadings based on a limitation of damages clause that is clearly unconscionable and invalid." In addressing this issue, the following standards are relevant:

In reviewing an order granting judgment on the pleadings, we must limit our consideration to the facts set forth in the pleadings, such as the complaint, answer, reply to new matter and relevant documents, and accept as true all of the well-pleaded allegations of the party against whom the motion is granted. *Aughenbaugh v. North American Refractories*, 426 Pa. 211, 231 A.2d 173 (1967); *Keystone Automated Equipment Co., Inc. v. Reliance Insurance Co.*, 369 Pa.Super. 472, 535 A.2d 648 (1988) *allocatur denied*, 519 Pa. 654, 546 A.2d 59 (1988); *Jones v. Travelers Insurance Company*, 356 Pa.Super. 213, 514 A.2d 576 (1986); *Gallo v. J.C. Penney Casualty Insurance Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984); *Eberhart v. Nationwide Mutual Insurance Co.*, 238 Pa.Super. 558, 362 A.2d 1094 (1976). Judgment on the pleadings is proper only when no material facts are in dispute. *Groff v. Pete Kingsley*, 374 Pa.Super. 377, 543 A.2d 128 (1988); *Vogel v. Berkley*, 354 Pa.Super. 291, 511 A.2d 878, 880 (1986), *citing Dudash v. Palmyra Borough Authority*, 335 Pa.Super. 1, 483 A.2d 924 (1984); *Del Quadro v. City of Philadelphia*, 293 Pa.Super. 173, 437 A.2d 1262 (1981). "In reviewing the court's decision, we must determine if the action of the court was based on a clear error of law or whether there were facts disclosed by the pleading which should properly go to the jury. The decision will be affirmed only in cases which are clear and free from doubt." *Groff, supra* 374 Pa.Super. at 382, 543 A.2d at 130, *quoting Vogel, supra* 354 Pa.Super. at 296, 511 A.2d at 880. Judgment on the pleadings may be appropriate in cases which turn upon the interpretation of a written agreement. *Vogel, supra* 354 Pa.Super. at 296, 511 A.2d at 880; *Gallo, supra* 328 Pa.Super. at 270–71, 476 A.2d at 1324, *quoting DiAndrea v. Reliance Savings and Loan Association*, 310 Pa.Super. 537, 546, 456 A.2d 1066, 1070 (1983).

*Lyons v. Nationwide Insurance Company,* 390 Pa.Super. 25, 26–27, 567 A.2d 1100, 1101 (1989) (footnote omitted). With these standards in mind, we address the issue presented.

As noted *supra,* in its answer and new matter, Bell raised the limitation of damages clause contained in paragraph 9 of the contract which provides for a predetermined amount of consequential damages to be recovered as a result of advertising errors or omissions. Paragraph 9 provides as follows: "The Telephone Company's liability for damages resulting from errors in or omissions of the advertising or listings provided herein shall be limited to an amount not exceeding the monthly charges for advertising or listings involved." Answer and New Matter, exhibit "A"; Reproduced record at 42a. In granting judgment on the pleadings, the trial court stated:

> The law of Pennsylvania has been aptly stated in a case exactly on point cited in Defendant's brief. *Checker Van Lines, Inc. v. Bell of Pennsylvania,* 17 Phila. 168 (C.P.Phila.Cty.1988). This case decided by Judge Murray Goldman of the Philadelphia Court of Common Pleas has upheld the validity of the exact clause in dispute. This decision has been affirmed by the Superior Court at 551 A.2d 591 (1988).

Trial court opinion, 11/29/90, at 2. Appellants assert that while the language of the limitation of damages clauses is identical in *Checker* and the instant case, the arguments of the parties differ significantly. Therefore, appellants assert, the trial court's reliance on *Checker* exclusively and without discussion was error. Appellants contend that the limitation of damages clause should be construed strictly against Bell because the agreement between the parties is a contract of adhesion, under which the parties are not of equal bargaining power. As such, appellants, as buyers, were required to adhere to the terms of the form contract in order to purchase the services.

We do not agree. In *Behrend v. Bell Telephone Company,* 242 Pa.Super. 47, 363 A.2d 1152 (1976), vacated on other

grounds, 473 Pa. 320, 374 A.2d 536 (1976), we noted that paid advertising in the Yellow Pages is a matter of private contract between the customer and the telephone company. While Bell furnishes telephone listings in the white pages and a one-line listing in the Yellow Pages to business subscribers at no additional charge, a business subscriber who wishes to advertise in the Yellow Pages must contract with Bell. As we stated in *Behrend*, "[Y]ellow pages listings and advertisements are generally considered outside the realm of necessary services and are usually the subject of a private contract between the customer and the telephone company." *Id.*, 242 Pa.Super. at 71 n. 16, 363 Pa.Super. at 1164 n. 16. The parties contracting for paid advertising are at liberty to fashion the terms of their bargain. While appellants contend that this is not so, they have not pointed to anything in the record that supports their argument.

Courts have upheld limitation of damage provisions in sales contracts between merchants or experienced business concerns because there is no disparity between such entities in either bargaining power or sophistication. *See K & C, Inc. v. Westinghouse Electric Corp.*, 437 Pa. 303, 263 A.2d 390 (1970) (buyers were an experienced attorney and the owner of a used furniture business who dealt with the renovation and sale of the type of machines being purchased); *Chatlos Systems, Inc. v. National Cash Register Corp.*, 635 F.2d 1081 (3rd Cir.1980) (buyer was a manufacturer of complex electronic equipment who purchased a defective computer system).

Appellants suggest it is significant that Bell does not contend that the limitation of damages clause was the subject of negotiations between the parties or that it would have contemplated omitting or modifying the provision. We conclude, instead, that it is noteworthy that *appellants* do not assert that the provision in question was a matter of concern to *them* before they entered into the agreement with Bell, nor do *they* contend that they attempted to

negotiate with Bell concerning deletion or modification of paragraph 9 from the agreement.

We are inclined to agree with appellee that where, as here, a contract provision affects commercial entities with meaningful choices at their disposal, the clause in question will rarely be deemed unconscionable. We believe that the doctrine of unconscionability, developed to provide relief to customers who lack sophistication and business acumen, is inapplicable herein.

Order affirmed.