**Monica MANION and T.M. Enterprise, a partnership, Plaintiffs,**

v.

**ROADWAY PACKAGE SYSTEM, INC., Defendant.**

**No. 95–3001.**

United States District Court, C.D. Illinois, Springfield Division.

Sept. 24, 1996.

---

Patricia L. Hayes, Michael J. Logan, Springfield, IL, for plaintiffs.

Lawrence L. Summers, Chicago, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge:

Breach of contract case.

Was a 90–day statute of limitation unreasonable?

No.

Summary judgment for the defendant.

## I. FACTS

Plaintiffs Monica Manion and T.M. Enterprise brought suit against Roadway Package System, Inc. ("RPS") alleging breach of the "Agreement for Leased Equipment and Independent Contractor Services" ("Contract") entered into September 30, 1991. The Contract provided that RPS would lease a certain vehicle, listed on the addendum, from Plaintiffs, and Plaintiffs, as independent contractors, would deliver small packages for Defendant. The term of the Contract was five years.

On November 12, 1992, Defendant unilaterally terminated the Contract. On January 25, 1993, Plaintiffs filed a charge of discrimination with the Illinois Department of Human Rights alleging she was an employee of Defendant and had been discharged because of her sex and an alleged disability. On November 23, 1994, Plaintiffs filed suit in the circuit court of the Seventh Judicial Circuit, Sangamon County, Illinois. The case was removed to this Court on January 4, 1995, pursuant to 28 U.S.C. § 1446(d).

Defendant, in response to Plaintiffs' suit for breach of contract, claims this action is barred by the statute of limitations set forth in paragraph 42 of the Agreement:

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to any conflicts of law provisions. A suit by either party concerning any breach of the terms and provisions of this Agreement must be initiated within ninety (90) days from the date the breach is alleged to have occurred or within ninety (90) days from the date the breach was discovered or should have been discovered by a party acting with reasonable diligence. If a suit is not instituted in accordance with the foregoing provision, the party sued shall not be liable for the breach claimed. The cost of any litigation concerning the terms and provisions of this Agreement, including attorney fees, shall be borne by the losing party.

Defendant filed a motion for summary judgment on the basis that the undisputed material facts establish the Plaintiffs failed to bring suit within the contractual statute of limitations and the contract entitled RPS to its fees and expenses as prevailing party.

## II. SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material facts exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. ANALYSIS

Defendant claims that Plaintiffs' cause of action is barred by the statute of limitations period provided in the Contract. Plaintiffs, in response to Defendant's Motion for Summary Judgment, assert: 1) the choice of law provision in the contract does not govern; 2) the statute of limitations provision is not valid under Illinois or Pennsylvania law; and 3) the attorney fee provision is unconscionable and therefore should not be honored.

### A. *Choice of Law*

#### 1. Validity of Contract's Choice of Law Provision

■ The first issue before this Court is whether the choice of law provision in the Contract will be upheld. "In diversity cases, federal courts apply the substantive law of the state where the suit is brought, including the state's choice of law rules." *Heller Int'l Corp. v. Sharp*, 974 F.2d 850, 856 (7th Cir. 1992). Therefore, this Court will apply Illinois choice of law rules to decide whether the parties' choice of law provision will govern.

■ In Illinois, an express choice of law provision will be given effect, subject to two limitations: 1) there must be a sufficient relationship between the chosen forum, the parties, or the transaction; and 2) it must not

offend Illinois public policy. *Potomac Leasing Co. v. Chuck's Pub, Inc.* 156 Ill.App.3d 755, 758, 109 Ill.Dec. 90, 509 N.E.2d 751 (2d Dist.1987).

#### a. Sufficient Relationship

The first limitation to an express choice of law provision is that there must be some relationship between the chosen forum and the parties or the transaction. *Id.* The purpose of this limitation is to prevent the parties from selecting the laws of a jurisdiction that has no relation to the matter in controversy. *Id.*, citing 16 AM.JUR.2D *Conflicts of Laws* § 78 at 126 (1979).

■ In the present case, the contract was signed, negotiated, performed, and the subject matter located, in Illinois. The Plaintiffs' residence was also Illinois. The only relationship the Contract had with Pennsylvania was that the Defendant's principal place of business was in Pittsburgh, Pennsylvania, which was also where the contract was drafted. The question is whether the choice of Pennsylvania law was reasonable. This Court finds that it is. Other courts have held that the state in which one of the parties has its headquarters is a sufficient relationship to justify that state's law applying to the contract. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 20 F.3d 713 (7th Cir.1994) (Applying Illinois conflicts law, state of principal place of business was reasonable for choice of law provision), *rev'd on other grounds,* —— U.S. ——, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (reversed on the ground that the parties' contract permitted the arbitration panel to award punitive damages, even though the choice of law provision was governed by New York Law, which prohibited arbitrators from awarding punitive damages); *Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075 (7th Cir.1986) (Under Illinois conflicts law, state of business headquarters was reasonable for choice of law provision).

#### b. Public Policy Considerations

■ The second limitation on choice of law provisions are public policy considerations. Illinois law allows parties to substitute the law of another state where the substituted law is "not dangerous, inconvenient, immoral,

nor contrary to the public policy" of Illinois. *Id.* at 1080 citing *McAllister v. Smith,* 17 Ill. 328, 333 (1856). "The public policy considerations must be strong and of a fundamental nature to justify overriding the chosen law of the parties." *Potomac Leasing Co. v. Chuck's Pub, Inc.,* 156 Ill.App.3d 755, 759, 109 Ill.Dec. 90, 509 N.E.2d 751 (2d Dist. 1987). In fact, "a court should not refuse to apply the law of a foreign state, however unlike its own, unless it is contrary to pure morals and abstract justice, or unless the enforcement would be of evil example and harmful to its people." *Champagnie v. W.E. O'Neil Constr. Co.,* 77 Ill.App.3d 136, 139, 32 Ill.Dec. 609, 395 N.E.2d 990 (1st Dist.1979) (citations omitted).

■ Defendant claims there is "nothing inappropriate under Illinois law about enforcing the contractual limitations period." Plaintiffs claim that because the statute of limitations period in Illinois for breach of contract claims is 10 years, "a 90–day period is not reasonable per se and should be found to be violation (sic) of public policy."

The law supports the Defendant's position. As we have said, there must be *strong* public policy considerations to justify the refusal to apply the chosen law. In fact, Illinois courts have even enforced the parties' choice of law provision where that law "is arguably inconsistent with an Illinois statute." *Mastrobuono,* 20 F.3d at 719. There is no indication that it would be against Illinois public policy to apply Pennsylvania law to this Contract or to the validity of the statute of limitation or attorney fees provisions. Moreover, courts have upheld both types of provisions. *Taylor v. Western and Southern Life Ins. Co.,* 966 F.2d 1188 (7th Cir.1992) (six-month limitations clause in employment contract satisfied Illinois' reasonableness requirement); *Practical Constr. Co. v. Granite City Hous. Auth.,* 416 F.2d 540 (7th Cir.1969) (ten-day notice period requirement, and the 120 days after final payment or six months after the final voucher limitations were not "inherently unreasonable."); *Grossinger Motorcorp, Inc. v. American Nat'l Bank and Trust Co.,* 240 Ill.App.3d 737, 180 Ill.Dec. 824, 607 N.E.2d 1337 (1st Dist.1992) (in Illinois, parties can contract for payment of attorney fees but

such contractual provision will be strictly construed); *Heller Fin., Inc. v. Johns–Byrne Co.,* 264 Ill.App.3d 681, 202 Ill.Dec. 349, 637 N.E.2d 1085 (1st Dist.1994) (Illinois law permits parties to contractually provide for payment of any legal fees incurred in civil litigation.)

### B. Whether Pennsylvania Law Permits Statute of Limitations and Attorney Fee Provision

#### 1. Statute of Limitation

■ Under Pennsylvania law, contract modification of ordinary statutes of limitation is valid and enforceable so long as the time period specified is reasonable. *Selden v. Metropolitan Life Ins. Co.,* 354 Pa. 500, 47 A.2d 687, 688 (1946). *See also Toledo v. State Farm Fire & Casualty Co.,* 810 F.Supp. 156 (E.D.Penn.1992; *General State Auth. v. Planet Ins. Co.,* 464 Pa. 162, 346 A.2d 265 (1975).

■ There is no indication that a three-month period of limitation on bringing an ordinary breach of contract suit is unreasonable. In fact, other courts have upheld three-month statute of limitation periods for breach of a written contract. *See Hambrecht & Quist Venture Partners v. American Medical Int'l, Inc.,* 38 Cal.App.4th 1532, 46 Cal. Rptr.2d 33 (1995) (parties to a contract can shorten California's four-year limitations period to three months), *citing Ward v. System Auto Parks & Garages, Inc.,* 149 Cal.App.2d Supp. 879, 309 P.2d 577 (1957) (three-month limitation of action provision in contract for bailment of automobile not unreasonable under the circumstances).

Under the circumstances of this case—the fact that this is an ordinary breach of contract claim, the parties entered into the Contract freely, and the Contract was an arm's length transaction—this Court cannot say that the 90–day statute of limitation period in the Contract was unreasonable.

#### 2. Costs and Attorney fees

■ Pennsylvania law provides that parties to litigation are responsible for their own counsel fees and costs unless otherwise provided by statutory authority, agreement of the parties, or some other recognized ex-

ception. *Wrenfield Homeowners Assoc., Inc. v. DeYoung*, 410 Pa.Super. 621, 600 A.2d 960 (1991) The relevant contractual provision in this Contract provides: "The cost of any litigation concerning the terms and provisions of this Agreement, including attorney fees, shall be borne by the losing party." Such provision is valid under Pennsylvania law and the Court may impose costs and attorneys' fees on the losing party, provided the attorney fees are reasonable. The reasonableness of attorney fees is a matter within the sound discretion of the trial court. *Id.* 600 A.2d at 964.

Plaintiffs argue the statute of limitation provision and the attorney fee provision in Paragraph 42 are unconscionable. Specifically, "[g]iven the relative bargaining position of the parties to the contract," the attorney fees provision is a burden that only falls on the Plaintiffs and that "[c]onsideration must be given to such 'chilling effect' of forcing Plaintiffs to incur the burden of Defendant's fees and costs for them to pursue a remedy under the Contract for breach." Plaintiffs' Memorandum of Law, p. 6.

■ The determination of unconscionability is a question of law for the court. *Bishop v. Washington*, 331 Pa.Super. 387, 480 A.2d 1088, 1094 (1984). Pennsylvania courts apply a two-part test to determine whether a contract is unconscionable. *Denlinger, Inc. v. Dendler*, 415 Pa.Super. 164, 608 A.2d 1061, 1066 (1992). First, the parties to the contract must have lacked a "meaningful choice" about whether to accept the provision in question. *Id.* Second, the provision must "unreasonably favor" the other party to the contract. *Id.*

■ Applying the two-part test, the Court finds that the parties did not lack meaningful choice about whether to accept the provision in question. There is no indication that the Plaintiffs could not have negotiated about the terms of the agreement had they so desired. Both parties are business entities and were entering a business contract, one which could be obtained elsewhere. *See Vasilis v. Bell of Pennsylvania*, 409 Pa.Super. 396, 598 A.2d 52, 54 (1991) ("where, as here, a contract provision affects commercial entities with meaningful choices

at their disposal, the clause in question will rarely be deemed unconscionable.")

Nor does the provision unreasonably favor one party of the contract. The provision provides that the *losing* party pay the costs and fees of the prevailing party. This provision is a two-way street. Thus, this Court finds that Paragraph 42 is not unconscionable.

■ Much has been made by the parties concerning the fact that the Plaintiffs did not read the contract until after the alleged breach. Pennsylvania law, however, does not, in the absence of proof of fraud, allow failure to read the contract as an excuse or defense to justify avoiding, modifying or nullifying the contract or any provision of the contract. *In re Estate of Olson*, 447 Pa. 483, 291 A.2d 95, 98 (1972). Thus, Plaintiffs are bound by the Contract they signed.

### C.  Tolling Statute of Limitations

■ On January 25, 1993, well within the 90–day contractual limitations period, Plaintiffs filed a charge of discrimination with the Illinois Department of Human Rights. Plaintiffs assert the filing of the charge constituted a "suit" under Paragraph 42 of the Contract and put the Defendants on notice that breach of the contract by Defendant was being alleged. Plaintiffs cite no support for their argument, nor is there a basis for such claim.

Defendant cites *Strom Int'l, Ltd. v. Spar Warehouse and Distrib., Inc.*, 69 Ill.App.3d 696, 26 Ill.Dec. 484, 388 N.E.2d 108 (1979), in support of its position that the claim filed with the Illinois Department of Human Rights did not toll the statute of limitations. Additionally, in *Watkins v. Brandt*, 1996 WL 450835, *3, *4 (N.D.Ill.), the plaintiff tried to argue that the statute of limitations should have been tolled while he sought remedies through the Illinois Human Rights Commission. The court held that because § 1983 did not require exhaustion of administrative remedies, the "plaintiff's own choice to pursue his claims by other means cannot act to toll the statute of imitations." Likewise, Plaintiffs cannot claim that filing a claim with the Illinois Human Rights Commission tolled the

statute of limitations as to this breach of contract claim.

## IV.   CONCLUSION

Plaintiffs and Defendant entered into a valid Contract providing that the statute of limitations for bringing a claim under the Contract was ninety days.   The Plaintiffs have failed to demonstrate that there is a genuine issue of material fact which would preclude applying the contractual limitation to this action.   Therefore, as a matter of law, this Court finds that Plaintiffs failed to file their cause of action within ninety days and therefore such claim is barred.

*Ergo,* Defendant's Motion for Summary Judgment is ALLOWED.