Towers Food Serv., Inc. v New York City Health & Hosps. Corp. (2017 NY Slip Op 06600)





Towers Food Serv., Inc. v New York City Health & Hosps. Corp.


2017 NY Slip Op 06600


Decided on September 26, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2017

Sweeny, J.P., Renwick, Kapnick, Kern, Moulton, JJ.


652174/14 4474 4473

[*1]Towers Food Service, Inc., Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, etc., Defendant-Respondent.


Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., New York (Peter Reiser of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.),
entered November 30, 2015, which granted the motion of defendant New York City Health and Hospitals Corporation, acting on behalf of Bellevue Hospital Center (HHC), to dismiss the complaint, and order, same court and Justice, entered September 28, 2016, which, upon renewal and reargument adhered to the original determination, unanimously reversed, on the law, without costs, and defendant's motion denied.
The motion court correctly found that HHC was not estopped from asserting the six-month contractual limitations period as there was no misconduct on the part of HHC that prevented Towers from timely commencing this action. On June 3, 2013, HHC provided notice to Towers that as of June 16, 2013, Bellevue would remove and store Towers's non-capital improvements. HHC added that it "cannot make payment" to Towers because many items on the documentation provided appeared to be non-reimbursable, and an itemized list of all property that Towers intended to remove, in addition to a list of capital improvements, was required. Towers did not respond for five months, at which time HHC denied it access to the premises. At that point, it cannot be said that "the agreement, representations or conduct" of HHC caused Towers to delay bringing a known cause of action (Robinson v City of New York, 24 AD2d 260, 263 [1st Dept 1965] [citations omitted]).
However, for pleading purposes, Towers has sufficiently alleged that the contractual limitations period was restarted pursuant to General Obligations Law § 17-101. HHC's written responses, which acknowledged its review of Towers' submissions, requested additional documentation, and stated, among other things, that "[i]f you can get me some quick replies on these, I will have my finance team calculate the depreciation and my legal department will finalize a reply," acknowledged HHC's contractual obligation to pay Towers for the value of capital improvements if the agreement was terminated without cause (see General Obligations Law § 17-101; Hakim v [*2]Hakim, 99 AD3d 498, 501 [1st Dept 2012]; see also Planet Constr. Corp. v Board of Educ. of City of N.Y., 7 NY2d 381, 384 [1960]; Faulkner v Arista Records LLC, 797 F Supp 2d 299, 312 [SD NY 2011]; Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2017
CLERK