J-A02031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CITIZENS BANK OF PENNSYLVANIA | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| ACUITE CONSULTING SOLUTIONS, LLC., AND CHRISTOPHER FUSCO | : : : : | No. 454 WDA 2020 |
| Appellants | : | |

Appeal from the Order Entered March 5, 2020
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2019-2231

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: MAY 19, 2021**

Acuite Consulting Solutions, LLC and Christopher Fusco ("Acuite" and "Fusco," respectively) appeal from the order entered on March 5, 2020 denying their petition to strike and/or open a confessed judgment. We affirm.

On July 2, 2010, Acuite entered into a loan agreement with Citizens Bank, N.A. ("Citizens Bank") in the original principal amount of $250,000.00, evidenced by a "Revolving Demand Note" (the "Note"). On that same date, Fusco executed and delivered to Citizens Bank a guaranty agreement (the "Guaranty"), wherein he agreed to act as a guarantor for all of Acuite's obligations to Citizens Bank in connection with the Note and any other obligation of Acuite to Citizens Bank.

The Note contained a confession of judgment clause, which provided, in pertinent part, as follows:

> BORROWER HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR ATTORNEYS OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA OR IN ANY OTHER JURISDICTION, UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, TO APPEAR FOR BORROWER IN ANY SUCH COURT, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN TO CONFESS OR ENTER JUDGMENT AGAINST BORROWER IN FAVOR OF THE BANK FOR ALL SUMS DUE OR TO BECOME DUE BY BORROWER TO THE BANK UNDER THIS NOTE, WITH COSTS OF SUIT AND RELEASE OF ERRORS AND WITH THE GREATER OF FIVE PERCENT (5%) OF SUCH SUMS OR $10,000 ADDED AS A REASONABLE ATTORNEY'S FEE AND FOR DOING SO THIS NOTE OR A COPY VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT.
>
> ***
>
> THE TERMS OF THIS NOTE INCLUDE A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AND HAVE BEEN NEGOTIATED AND AGREED UPON IN A COMMERCIAL CONTEXT. BORROWER HAS FULLY REVIEWED THE WARRANT OF ATTORNEY TO CONFESS JUDGMENT WITH ITS OWN COUNSEL AND IS KNOWINGLY AND VOLUNTARILY WAIVING CERTAIN RIGHTS IT WOULD OTHERWISE POSSESS, INCLUDING, BUT NOT LIMITED TO, THE RIGHT TO ANY NOTICE OF A HEARING PRIOR TO THE ENTRY OF JUDGMENT BY THE BANK PURSUANT TO THE FOREGOING WARRANT

Citizens Bank's Complaint in Confession of Judgment, 5/3/19, Exhibit A, at 2, 5.

The Note also included a provision that any delay by Citizens Bank in exercising any of its rights under the Note did not constitute waiver. *Id.* at 3.

- 2 -

Acuite and Fusco also agreed in the Note to Citizens Bank's granting "any extension or postponement of the time of payment or any other indulgence. . . ." ***Id.***

On May 3, 2019, Citizens Bank filed a complaint in confession of judgment alleging that Acuite defaulted for failing to pay the money due to Citizens Bank under the Note, and Fusco defaulted on the Guaranty by failing to cure Acuite's default. Thereafter, judgment was confessed against Acuite and Fusco in the amount of $263,590.11.

On May 20, 2019, Acuite and Fusco filed a petition to strike and/or open the confessed judgment. The trial court granted the parties a period of 90 days for discovery and held a hearing on the petition to strike and/or open on October 7, 2019. On March 5, 2020, the trial court denied the petition. This timely appeal followed.

Acuite and Fusco raise the following issues:

> I. Whether the contract at issue in this matter is one of adhesion, and therefore illegal, when: 1. [Acuite and Fusco] did not have equal bargaining power with [Citizens Bank]; 2. [Acuite and Fusco] did not prepare the standard form that comprised the entirety of the contract; [and] 3. [Acuite and Fusco] had little to no opportunity for negotiation.
>
> II. Whether the terms of the contract at issue were changed as a novation by [Citizens Bank] when it continuously accepted payments o[f] interest upon notification by [Acuite and Fusco] of the same.

Acuite and Fusco's Br. at 11 (suggested answers omitted).

We review an order denying a petition to strike a confessed judgment to determine whether the record in existence at the time of the entry of the judgment is sufficient to sustain the judgment. *First Union Nat. Bank v. Portside Refrigerated Servs., Inc.,* 827 A.2d 1224, 1227 (Pa.Super. 2003). The denial of a petition to open a confessed judgment is subject to abuse of discretion review. *Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa.Super. 2015). Our scope of review is "very narrow" and we will overturn the trial court decision only if the trial court has abused its discretion or committed manifest error. *Atl. Nat. Trust, LLC v. Stivala Invs., Inc.*, 922 A.2d 919, 925 (Pa.Super. 2007).

Opening and striking a judgment are different remedies subject to different standards. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." *Resolution Trust Corp. v. Copley Qu-Wayne Associates*, 683 A.2d 269, 273 (Pa. 1996) . "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Id.* . The "record" for this purpose is the court record behind the confessed judgment: the complaint in confession of judgment and any exhibits the petitioner attached to it. *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa.Super. 2013)

"A petition to open a confessed judgment is an appeal to the equitable powers of the court." *Neducsin*, 121 A.3d at 504. The court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require

- 4 -

submission of the case to a jury." *Id.* at 506 (citation and emphasis omitted). "[I]f the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment, not to strike it." *Id.* at 504 (internal quotation marks, citation, and brackets omitted).

Here, although Acuite and Fusco styled their petition as a "petition to strike and/or open," they failed to identify any fatal defect on the face of the record in support of their petition to strike. As such, the trial court did not err in refusing to strike the confessed judgment.

Acuite and Fusco's issues on appeal instead suggest that the trial court should have opened the judgment. Acuite and Fusco first argue that the Note was an adhesion contract, and therefore was unenforceable. Fusco asserts that he "was seeking funds for his business and had no choice but to accept the terms as put forth by [Citizens Bank] in its standardized and form contract which contained unfair and draconian provisions involving confession of judgment." Acuite and Fusco's Br. at 13-14. Acuite and Fusco argue that they "had little to no negotiating power and it was truly a 'take it or leave it' situation." *Id.* at 25. Fusco asserts that he "was presented with very complicated forms with much fine print" and he "did not draft the forms and . . . [t]here was no bargaining over any of the terms of the contract[.]" *Id.*

Acuite and Fusco did not raise the defense that the Note was an adhesion contract in their petition to open. Pursuant to Pennsylvania Rule of Civil Procedure 2959, "all grounds for relief whether to strike off the judgment

- 5 -

or to open it must be asserted in a single petition" and "[a] party waives all defenses and objections which are not included in the petition or answer." Pa.R.C.P. 2959(a)(1), (c). Since Acuite and Fusco failed to include the defense of an adhesion contract in their petition to open, it is waived.

Even if they had not waived the defense, it is without merit. "An adhesion contract is a standard-form contract prepared by one party, to be signed by the party in a weaker position, usually a consumer, who adheres to the contract with little choice about the terms." *Chepkevich v. Hidden Valley Resort, L.P.*, 2 A.3d 1174, 1190 (Pa. 2010) (citation, internal quotation marks and brackets omitted). However, "merely because a contract is one of adhesion does not render it unconscionable and unenforceable as a matter of law." *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 127 (Pa. 2007). A "contract or term is unconscionable, and therefore avoidable, where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it." *Id.* at 119. The burden of proof to establish unconscionability "has been allocated to the party challenging the agreement, and the ultimate determination of unconscionability is for the courts." *Id.* at 119-120. Further, where "a contract provision affects commercial entities with meaningful choices at their disposal, the clause in question will rarely be deemed unconscionable." *Vasilis v. Bell of Pennsylvania*, 598 A.2d 52, 54 (Pa.Super. 1991).

Acuite and Fusco failed to meet their burden of producing evidence that, as the parties signing the contract, they lacked a meaningful choice in

accepting the terms of the contract, including the confession of judgment provision. Acuite and Fusco's conclusory assertions do not establish that the contract was unconscionable. Despite having a 90-day period for discovery, Acuite and Fusco failed to produce any evidence that they lacked meaningful choice in entering into the contract. There is no indication in the record that Acuite and Fusco were prevented from negotiating the terms of the contract or were forced to enter into the contract. The contract at issue was for a commercial loan between two business entities. Acuite and Fusco presented no evidence that they could not have sought financing from another lending institution. Accordingly, Acuite and Fusco's argument fails.

Next, Acuite and Fusco argue that Citizens Bank's acceptance of interest-only payments by Acuite and Fusco on the Note for a period of months constituted a novation. Acuite and Fusco's Br. at 31. Acuite and Fusco assert "the actions of [Citizens Bank] in accepting the interest payments [] for a long period of time . . . show that the parties intended to change the terms of the agreement" such that "the parties were actually operating under a new contract." *Id.* Acuite and Fusco argue that "[w]ithout warning, [Citizens Bank] called in the entire loan and sought the confession of judgment[.]" *Id.*

"The doctrine of novation, or substituted contract, applies where: (i) a prior contract has been displaced, (ii) a new valid contract has been substituted in its place, (iii) there exists sufficient legal consideration for the new contract, and (iv) the parties consented to the extinction of the old and replacement of the new." ***First Lehigh Bank v. Haviland Grille, Inc.***, 704

- 7 -

A.2d 135, 138 (Pa.Super. 1997) (citing **Buttonwood Farms, Inc. v. Carson**, 478 A.2d 484, 486 (Pa.Super. 1984)). Since a novation is accepted as satisfaction of a pre-existing duty, it "bars the revival of the pre-existing duty following a breach of the substituted contract." **Id.** (quoting **Nernberg & Laffey v. Patterson**, 601 A.2d 1237, 1239 (Pa.Super. 1991)). "[W]hether a contract has the effect of a novation primarily depends upon the parties' intent." **Id.** (citation omitted). The party asserting a novation has the burden of proving that the parties had a meeting of the minds and intended to discharge the earlier contract. **Id.**

Acuite and Fusco have again failed to present sufficient evidence to support their claim that the parties agreed to a novation. There is no evidence in the record that the parties had a "meeting of the minds" to enter into a new contract and discharge the original contract. To the extent Acuite and Fusco contend that Citizens Bank's acceptance of interest-only payments in and of itself was evidence of a novation, that argument fails. The Note expressly states that any delay or omission by Citizens Bank in imposing its right to payment would not constitute waiver of that right nor excuse Acuite and Fusco's obligations under the Note and Guaranty. **See** Citizens Bank's Complaint in Confession of Judgment, 5/3/19, Exhibit A, at 3. In effect, the Note allowed the bank to give Acuite and Fusco time to catch up, without effecting a waiver of its rights under the Note, and there is no evidence that Citizens Bank intended a novation of the "no waiver" clause.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2021