■ FRANK LORENZ, Plaintiff, v 575 FIFTH AVENUE ASSOCI-ATES, Appellant, and NATIONAL ELEVATOR CAB AND DOOR CORP. et al., Respondents. OTIS ELEVATOR COMPANY, Third-Party Plaintiff-Respondent, v TISHMAN CONSTRUCTION CORPO-RATION OF NEW YORK, Third-Party Defendant-Appellant. 575 FIFTH AVENUE ASSOCIATES, Second Third-Party Plaintiff-Appel-

lant, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Second Third-Party Defendant-Appellant.—Judgment, Supreme Court, New York County (Stanley L. Sklar, J.), entered January 3, 1992, dismissing the action as against defendant and third-party plaintiff Otis Elevator Company, upon an order of the same court, entered September 19, 1991, which granted Otis' motion to set aside the jury verdict finding it negligent and apportioning its liability at 49%, unanimously affirmed, without costs. The appeal from the order is dismissed as subsumed in the appeal from the judgment, without costs.

The trial court correctly directed judgment in favor of Otis notwithstanding verdict. Under its contract with Tishman, Otis was responsible for maintaining the operating equipment of the premises, not the interior of the cab, and, owing no duty with respect to the deteriorating aesthetic appearance of the cab's interior caused by water stains, Otis cannot be held liable for failing to inspect and repair any damage caused to the cab's ceiling tile which, apparently loosened by water leakage in the shaft and fell on plaintiff's foot (see, Balsam v Delma Eng'g Corp., 139 AD2d 292, lv dismissed in part and denied in part 73 NY2d 783). Absent proof of negligence on Otis' part enhancing a dangerous condition, Otis cannot be held liable simply because it voluntarily informed Tishman of the possibility of some type of damage to the interior of the cab (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507).

We have considered Tishman's remaining claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ross and Asch, JJ.