■ 222 BLOOMINGDALE ROAD ASSOCIATES, Respondent-Appellant, v NYNEX PROPERTIES COMPANY, Appellant-Respondent. [672 NYS2d 909] —Motion by the respondent-appellant, *inter alia*, for reargument of an appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, dated April 12, 1995, which was determined by decision and order of this Court dated January 12, 1998, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for reargument of the decision and order of this Court dated January 12, 1998, is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that the unpublished decision and order of this Court dated January 12, 1998, is recalled and vacated and the following decision and order is substituted therefor:

In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), dated April 12, 1995, as, (1) upon an order of the same court (Donovan, J.), entered June 17, 1992, *inter alia*, granting the plaintiff's motion for partial summary judgment on its cause of action to recover damages for breach of contract, and upon an order of the same court (Nastasi, J.), entered January 31, 1995, *inter alia*, granting that branch of the plaintiff's motion which was for partial summary judgment dismissing so much of the defendant's sixteenth counterclaim which was to recover damages for breach of an express warranty, is in favor of the plaintiff and against it in the principal sum of $400,000, and dismissed so much of its sixteenth counterclaim which was to recover damages for breach of an express warranty, and (2) upon granting reargument, adhered to its determination in the order entered January 31, 1995. The plaintiff cross-appeals from so much of the order and judgment as is in favor of the defendant and against it awarding the defendant judgment on its fourth counterclaim in the principal sum of $70,000.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance

with the rules of this Court (*see*, 22 NYCRR 670.8 [c]); and it is further,

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof which dismissed so much of the sixteenth counterclaim which was to recover damages for breach of an express warranty and (2) deleting the provision thereof which adhered to so much of the determination in the order entered January 31, 1995, as granted that branch of the plaintiff's motion which was to dismiss so much of the sixteenth counterclaim which was to recover damages for breach of an express warranty and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order and judgment is affirmed insofar as reviewed, without costs or disbursements, and the order entered January 31, 1995, is modified accordingly; and it is further,

Ordered that enforcement of the order and judgment, as modified, is stayed pending final determination of the defendant's sixteenth counterclaim to the extent it seeks to recover damages for breach of an express warranty.

With respect to the order entered June 17, 1992, we note that the defendant's opposition papers to the plaintiff's motion for partial summary judgment did not dispute the fact that the condition precedent set forth in paragraph 47 (a) of the rider to the parties' contract concerning the payment of $400,000 to the plaintiff had been satisfied. We also note that in its cross motion, *inter alia*, for partial summary judgment on its counterclaims the defendant had merely requested an order "pursuant to CPLR Sec. 3212 (e), staying enforcement of any order granting plaintiff summary judgment on its affirmative claim pending final resolution of defendants' [*sic*] counterclaims". Under these circumstances, the Supreme Court properly granted the plaintiff's motion to the extent of awarding the plaintiff the $400,000 payment but staying entry of a judgment in the plaintiff's favor pending the determination of the defendant's counterclaims on the ground that triable issues of fact existed as to the adequacy of the plaintiff's performance (*see, Conant v Schnall*, 33 AD2d 326, 329).

With respect to the order entered January 31, 1995, we find that the Supreme Court erred in dismissing the defendant's sixteenth counterclaim for breach of express warranty. There is nothing in the language of paragraph 30 of the rider to the parties' contract of sale which would suggest that the defendant was required to provide the plaintiff with notice of all claimed defects within one year of the closing date as a condition precedent to maintaining a cause of action for breach of

warranty (*cf., Hurlbut v Christiano,* 63 AD2d 1116). Accordingly, the defendant's sixteenth counterclaim is reinstated. In light of this determination and the order entered June 17, 1992, we have stayed enforcement of the order and judgment pending final determination of the sixteenth counterclaim. O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.