■ 222 BLOOMINGDALE ROAD ASSOCIATES, Respondent, v NYNEX PROPERTIES COMPANY, Appellant. [719 NYS2d 253] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated November 18, 1999, as denied its cross motion for summary judgment on the issue of liability on its sixteenth counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages regarding the sixteenth counterclaim.

The plaintiff sold an office building to the defendant, which thereafter found numerous defects and refused to make the final payment due under the contract. The plaintiff then commenced this breach of contract action and the defendant asserted counterclaims. All claims of both parties have disposed of except for the defendant's sixteenth counterclaim, which alleges breach of express warranties by reason of the plaintiff's installation of defective concrete floor slabs. On a prior appeal, this Court reinstated that counterclaim (*see,* 222 *Bloomingdale Rd. Assocs. v NYNEX Props. Co.,* 250 AD2d 668), and the defendant thereafter moved for summary judgment on the issue of liability. The motion was denied.

Contrary to the Supreme Court's conclusion, the defendant set forth evidentiary facts sufficient to entitle it to judgment as a matter of law on the issue of liability on the sixteenth counterclaim alleging breach of express warranties. The defendant's evidence included an extensive report by an architectural firm which inspected the building, found ruptured and exposed cables, cracked concrete, and numerous other defects, and concluded that the defects were the result of "poor construction practices." Those defects constituted a breach of the contract warranty that the building was constructed in a "good and workmanlike manner." The defendant also presented evidence that the building failed to meet fire code standards, which constituted a breach of the contract warranty that the building complied with all building and fire codes. The plaintiff then failed to meet its burden of coming forward with proof sufficient to establish the existence of a material issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Kaluga v Korytowsky,* 269 AD2d 566). The plaintiff submitted only an affirmation of counsel and a conclusory affidavit of one of its partners, neither of which refuted the existence of the defects alleged by the defendant. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.