■ Venessa Hunter et al., Appellants, v Lehrer McGovern Bovis, Inc., et al., Respondents, et al., Defendant. [749 NYS2d 525] —Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered June 20, 2001, which granted defendants-respondents' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiffs' employer engaged defendant general contractor to renovate its premises, and the general contractor engaged defendant subcontractor to do heating and ventilation work, including installation of a new fan system. Plaintiffs allege that when the new fans were turned on, contaminated dust was blown out of the vents and settled in plaintiffs' work areas, causing them personal injuries.

The action was properly dismissed as against the general contractor and the subcontractor on the ground that their contracts did not call for the cleaning of existing ducts, and neither otherwise owed plaintiffs a duty to do so (*see Lorenz v 575 Fifth Ave. Assoc.*, 187 AD2d 274). Whether the discharge of dirt known to be in the ducts was a foreseeable consequence of turning on the new fans has no bearing on whether defendants owed plaintiffs a duty to clean the ducts (*see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232). In the latter regard, we note plaintiffs' reliance on the general contractor's deposition testimony to the effect that it advised plaintiffs' employer that there was dirt in the ducts that needed to be cleaned out before the new and more powerful fans were turned on, but that the employer deliberately chose not to do so. Plaintiffs' reliance upon *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579) is

misplaced. There, the defendant had a "comprehensive and exclusive" contract with the property owner under which it assumed all of the latter's daily maintenance duties (*id.* at 588). No such duties were assumed by defendants here. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.