■ Bank of Nova Scotia et al., Appellants-Respondents, v Structure-Tone, Inc., et al., Respondents-Appellants. (And a Third-Party Action.) Structure-Tone, Inc., Second Third-Party Plaintiff-Appellant, v Greene Mechanical Corp., Second Third-Party Defendant, and H.R.H. Construction Corp. et al., Second Third-Party Defendants-Respondents. [758 NYS2d 10] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 25, 2001, which, in an action for property damage caused by a plumbing defect, inter alia, granted motions by defendants general contractor and plumbing subcon-

tractor for summary judgment dismissing the complaint insofar as addressed to plaintiff's negligence claims, denied such motions insofar as addressed to plaintiff's breach of contract claims, and dismissed the general contractor's second third-party complaint against contractors and professionals involved in the original construction of the building, unanimously modified, on the law, to reinstate plaintiffs' negligence claims insofar as such seek contract damages, and to reinstate the second third-party complaint as against the bathroom plumbing contractor (Greene), and otherwise affirmed, without costs.

Defendants' contention that plaintiffs do not identify a provision of the contract that was breached ignores the notes to a bid drawing incorporated in the contract calling for modification of the existing flushometer valve and cold water supply to the new water closet height, testing and assuring code compliance. In addition, an issue of fact exists as to whether, as defendants claim, this modification was performed without opening the wall to a size that would have exposed the Tee fitting that allegedly contained the galvanized steel plug that purportedly failed, causing the flood. If the wall was opened to such size, then a mixed issue of law and fact would exist as to whether generally accepted plumbing practices and code requirements obligated defendants to report and remedy the defective plug (*cf. 222 Bloomingdale Rd. Assoc. v NYNEX Props. Co.*, 278 AD2d 314 [2000], *lv dismissed* 96 NY2d 754 [2001]). In view of the foregoing issue as to the scope of defendants' contractual duties, their contention that they had no duty to search for and remedy a prior contractor's defective work (citing, inter alia, *Hunter v Lehrer McGovern Bovis*, 299 AD2d 175 [2002]) does not mandate summary judgment dismissing the breach of contract claims at this time.

We modify to reinstate plaintiffs' negligence claims insofar as such seek contract damages, since a six-year statute of limitations applies to any cause of action seeking contract damages regardless of whether the legal theory alleged is negligence or breach of contract (*see Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389 [1977]; *Radmin v Bertani*, 261 AD2d 598 [1999]; *Amedeo Hotels Ltd. Partnership v Zwicker Elec. Co.*, 291 AD2d 322 [2002]). We also modify to reinstate the second third-party complaint as against Greene, who did not affirmatively move for summary judgment, did not comply with discovery requests, and may have been responsible for the installation of the galvanized plug at the time the building was constructed.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Ellerin, Friedman and Gonzalez, JJ.